106 F.3d 404
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donneze L. BAXTRON, Defendant-Appellant.
 No. 96-1757.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 17, 1996.*
Decided Jan. 7, 1997.
 
 Before MANION, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In January of 1994, Donneze Baxtron was arrested after he sold an undercover officer a gun and some cocaine. Baxtron was convicted in state court on two counts of delivering cocaine. In federal district court, Baxtron pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] Baxtron's base offense level was 14. He received a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) because he had possessed a gun during the commission of another felony (i.e. delivery of a controlled substance), and he received a three-level reduction for acceptance of responsibility. Because Baxtron's criminal history category was IV, his sentencing range was 30-37 months. The district court sentenced Baxtron to a term of 37 months' imprisonment to run concurrent with the state sentence.
 
 
 2
 At the sentencing hearing, Baxtron requested that his sentence be adjusted for time he already served in state prison for the cocaine conviction pursuant to the methodology prescribed in Application Note 2 to U.S.S.G. § 5G1.3. He argued that, because the state conviction was taken into account when determining his guideline range, he was entitled to a sentence reduction. At that time, March of 1996, Baxtron had served nine months of the three-year state sentence. The district court refused to adjust Baxtron's sentence. Rather, the district court judge stated: "The defendant will be given credit for time served."[2]
 
 
 3
 When a defendant is subject to an undischarged term of imprisonment and the offense for which the undischarged term of imprisonment was imposed is "fully taken into account in the determination of the [defendant's] offense level for the instant offense," the judge must impose a sentence for the federal offense that runs concurrently with the undischarged term of imprisonment. U.S.S.G. § 5G1.3(b) (1995). There is no question that the district court judge complied with this section of the Sentencing Guidelines. (See Judgment at 2, United States v. Baxtron, No. 95 CR 30070 (S.D.Ill. March 15, 1996) ("Judgment").)
 
 
 4
 On appeal, Baxtron asserts that the district court incorrectly applied the methodology prescribed by the commentary to § 5G1.3(b) by refusing to reduce his sentence by the nine months he had already served in state prison for the offense used to enhance his federal sentence.
 
 
 5
 The government argues that the district court actually applied U.S.S.G. § 5G1.3(c), p.s., when it sentenced Baxtron, and that under this section the sentence is correct.[3] However, there is absolutely no evidence in the record that the district court even considered § 5G1.3(c), much less that it applied that section. Section 5G1.3(c) is not mentioned in any of the documents submitted to the district court for consideration before sentencing, nor was subsection (c) raised at the sentencing hearing. In fact, the government's submissions explicitly state that § 5G1.3(b) should be applied.[4] (Sentencing Recommendation at 1; Presentence Investigation Report at 9.) Because the district court sentenced Baxtron pursuant to § 5G1.3(b), and because it did not employ the methodology prescribed by that section,[5] we vacate the district court's judgment and remand for resentencing.
 
 Application Note 2 of § 5G1.3 instructs:
 
 6
 When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.
 
 
 7
 U.S.S.G. § 5G1.3, comment. (n. 2) (emphasis added). Application Note 2 gives an example to guide the district courts in the application of § 5G1.3(b). It explains:
 
 
 8
 The court determines that a sentence of 13 months provides the appropriate total punishment. Because the defendant has already served six months on the related state charge as of the date of sentencing on the instant federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on the defendant's state sentence, achieves this result.
 
 
 9
 Id.[6] The sentencing guidelines envision actually reducing the federal sentence by the amount of time already served on a state conviction when that state conviction was used to enhance the federal sentence and when the sentencing court determines that the Bureau of Prisons ("BOP') will not credit that time to the federal sentence.
 
 
 10
 We turn first to the question of whether the BOP will credit Baxtron's federal sentence with the time he spent in state custody pursuant to the conviction for which his federal sentence was enhanced. It will not because it lacks the authority to do so. Federal prisoners receive credit for prior custody in very limited circumstances:
 
 
 11
 A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 
 
 12
 (1) as a result of the offense for which the sentence was imposed; or
 
 
 13
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
 
 
 14
 that has not been credited against another sentence.
 
 
 15
 18 U.S.C. § 3585(b). Thus, a prisoner cannot get credit for time already served if that time has been credited against another sentence. The BOP administers § 3585 and makes the credit calculation only after it has custody of the prisoner. See United States v. Wilson, 503 U.S. 329, 333 (1992) (BOP computes amount of credit after defendant begins federal sentence). By the time Baxtron begins his federal sentence he will have received credit for his state custody against his state sentence, thus the BOP would not have had the authority to grant him credit for the time he served in state prison.
 
 
 16
 Moreover, the district court had no authority to order the BOP to credit Baxtron's federal sentence with the time he spent in state custody. See United States v. Hornick, 815 F.2d 1156, 1160 (7th Cir.1987) ("The district judge declined to give Hornick credit against his sentence.... So far as we can tell, however, the judge's statement was nothing but an advisory opinion [because] ... the Attorney General, not the sentencing court, awards credit for custody prior to the commencement of the sentence."); see also United States v. Koller, 956 F.2d 1408, 1417 (7th Cir.1992) (district court lacks authority to grant credit for prior custody; only has jurisdiction to review BOP's denial of credit pursuant to 28 U.S.C. § 2241); United States v. Long, 823 F.2d 1209, 1212 (7th Cir.1987) (district court lacks authority to award credit for prior custody, but is free to reduce sentence imposed to take into account time already served) (citing Hornick, 815 F.2d 1156). Because the BOP will not credit Baxtron's federal sentence with the time he spent in state custody on a charge used to enhance his federal sentence, the district court was required to reduce his federal sentence by that amount of time.
 
 
 17
 Our case law supports this conclusion. In United States v. Bell, 28 F.3d 615 (7th Cir.1994), we remanded for resentencing because, although the sentencing court had imposed a concurrent sentence, it "did not make the adjustments required by § 5G1.3(b) and Application Note 2 when it imposed the [full sentence]." Id. at 618-19 (emphasis added). Further, in United States v. Keller, 58 F.3d 884 (7th Cir.1995), we explained application of the § 5G1.3(b) adjustment: "Keller's sentence would have been 120 months, less the 42 months served, for a total of 78 months." Id. at 893 (emphasis added).[7] Finally, in United States v. Phipps, 68 F.3d 159 (7th Cir.1995), we approved a district court's application of § 5G1.3(b) where the defendant "was sentenced to 32 months' imprisonment, a period that reflected full credit for her 14 months' incarceration in Wisconsin." Id. at 160.[8] Here, the district court failed to reduce Baxtron's sentence in the manner prescribed by Application Note 2 to § 5G1.3(b).
 
 
 18
 For these reasons, the judgment of the district court is VACATED, and the case is REMANDED for resentencing consistent with this order.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 In 1992, Baxtron was convicted in state court of unlawful possession of a stolen vehicle, a felony
 
 
 [2]
 The judgment states:
 The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 37 months.
 This term to run concurrent to the state sentence in Randolph County, Illinois, case numbers 94-CF-147 and 95-CF-121. Defendant will be given credit for time already served.
 (Judgment at 2, United States v. Baxtron, No 95 CR 30070 (S.D.Ill. March 15, 1996).)
 
 
 [3]
 Section 5G1.3(c), p.s., provides: "In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Application Note 3 sets forth a number of factors for the sentencing court to consider when utilizing § 5G1.3(c)
 
 
 [4]
 Of course, the government's sentencing recommendations are not binding on the sentencing court. However, the fact that neither the government nor the sentencing judge ever mentioned § 5G1.3(c) supports our conclusion that § 5G1.3(b) was applied
 
 
 [5]
 The government also asserts that Baxtron waived his § 5G1.3(b) argument by failing to object to the imposition of sentence. However, at the sentencing hearing Baxtron's attorney explicitly requested a reduction in his sentence equal to the amount of time he had already served on the state sentence pursuant to 5G1.3(b). (Sentencing Tr. at 10.) When the judge failed to note the reduction (or even the "credit") during his sentencing colloquy, Baxtron's attorney again raised the issue. (Sentencing Tr. at 12.) This was sufficient to preserve the issue on appeal
 
 
 [6]
 The commentary admonishes judges to note on the judgment order that an adjustment made pursuant to § 5G1.3(b) is not a departure from the guideline range, but rather it is a "credit[ ] for guideline purposes under § 5G1.3(b) ... [for time spent] in state custody that will not be credited to the federal sentence under 18 U.S.C. § 3585(b)." Id
 
 
 [7]
 In Keller, the issue we were resolving was whether application of the 1993 Guidelines posed an ex post facto problem when the crime was committed in 1989. Keller, 58 F.3d at 889. We decided it did not because after application of § 5G1.3(b)--which was not part of the 1989 Guidelines--Keller's sentence under the 1993 Guidelines was less than under the 1989 Guidelines, even though the 1993 Guidelines provided for a four level enhancement not available under the 1989 version. Id. at 893-94
 
 
 [8]
 In Phipps, the defendant argued that the fourteen month credit was insufficient because she also spent 20 months in home detention. Phipps, 68 F.3d at 160. We approved the 14-month credit Phipps received, id. at 163, but decided that the time she spent in home detention did not qualify for credit under § 5G1.3(b) because it was not institutional time, and therefore was not imprisonment. Id