**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antonio D. BELL, Defendant–Appellant.**

**No. 92–3898.**

United States Court of Appeals, Seventh Circuit.

Argued April 20, 1994.

Decided June 29, 1994.

---

**616**

Andrew B. Baker, Jr., Philip P. Simon, Daniel L. Bella, Asst. U.S. Attys., Toi Denise Houston (argued), Dyer, IN, for plaintiff-appellee.

Robert C. Perry (argued), Indianapolis, IN, for defendnat-appellant.

Before BAUER and CUDAHY, Circuit Judges, and GRANT, District Judge.*

GRANT, District Judge.

Defendant Antonio Bell was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (Count 1), and of using or carrying a firearm during and in relation to the distribution of cocaine in violation of 18 U.S.C. § 924(c)(1) (Count 4). The district court sentenced Bell to the maximum term of imprisonment allowed under the Sentencing Guidelines: ninety-seven months on the drug trafficking conviction, and the mandatory sixty months on the related firearm conviction, with the sentences to run consecutively as required by statute. 18 U.S.C. § 924(c)(1). The total base offense level of 24 was enhanced by two levels under U.S.S.G. § 3B1.1(c) for Bell's role as an organizer or leader of the conspiracy, and by an additional two levels for his reckless endangerment of others during flight under U.S.S.G. § 3C1.2. Bell appeals the four-level enhancement of his sentence on the conspiracy count.[1] For the following reasons, we now VACATE that

---

* The Honorable Robert A. Grant of the United States District Court for the Northern District of Indiana is sitting by designation.

1. Bell does not challenge the imposition of the statutorily mandated sixty-month sentence for violating 18 U.S.C. § 924(c)(1).

sentence and REMAND to the district court for resentencing.

## I. BACKGROUND

Bell and an associate, David Walker, were arrested by members of the Gary Police Department on November 5, 1990 after engaging in two separate transactions in which they sold crack cocaine to undercover police officers. During the first transaction, the officers observed Bell carrying a semi-automatic weapon. Bell handed the gun to Walker while he (Bell) made the sale. During the second transaction, Walker negotiated the sale. When police moved in to make the arrest, Bell fled the abandoned house from which he and Walker were operating. During the course of flight he fired a shot at a pursuing police officer, Detective Derrell Upton.

Walker pled guilty to the offenses charged in January 1992. Bell went to trial and was ultimately convicted on March 31, 1992. He was sentenced on November 18, 1992. The district court found that Bell was the "leader of the distribution" as evidenced by the fact that he was in possession of a firearm and had the authority and power to protect the organization. The court accordingly enhanced the total base offense level by two levels under U.S.S.G. § 3B1.1(c). The court also found that Bell had recklessly endangered others, specifically Detective Upton, during the course of his flight from arrest, and gave an additional two-level enhancement under § 3C1.2, raising Bell's total offense level to 28.

In addition to his federal conviction, Bell was convicted in state court in September 1991 of attempted battery (a class C felony). The charges arose out of the shooting incident between Bell and Upton on November 5, 1990. Bell was sentenced on October 15, 1991 to four years imprisonment and was serving his state sentence when he was brought to trial and sentenced on the federal charges.

## II. DISCUSSION

### A. *"Organizer or Leader" of the Conspiracy*

On appeal, Bell contends that the mere possession of a firearm during the course of criminal activity did not make him an "organizer or leader" of the conspiracy, and that the district court's finding to the contrary is clearly erroneous. Bell reasons that to be an organizer or leader, there must be followers over whom you exercised supervisory control. He maintains that there is no evidence suggesting that he was any more of a supervisor than was Walker, or that he exercised any control over Walker. According to Bell, both he and Walker had access to the supply of crack, both engaged in sales transactions with Detective Upton, and both, apparently, kept the proceeds from those transactions.

■■■ The finding of an aggravated role under § 3B1.1 involves a question of fact, which we review under a clearly erroneous standard. 18 U.S.C. § 3742(e); *United States v. Vargas,* 16 F.3d 155, 160 (7th Cir. 1994); *United States v. Skinner,* 986 F.2d 1091, 1095 (7th Cir.1993); *United States v. Spillman,* 924 F.2d 721, 723 (7th Cir.1991); *United States v. Miller,* 891 F.2d 1265, 1269 (7th Cir.1989). Factors to be considered in distinguishing "organizers and leaders" from "rank and file criminals" include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning and organizing of the offense, the nature and scope of the illegal activity and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n. 3) (1992); *United States v. Cotts,* 14 F.3d 300, 308 (7th Cir.1994); *Skinner,* 986 F.2d at 1096; *United States v. Brown,* 944 F.2d 1377, 1380 n. 1 (7th Cir.1991); *United States v. Ramos,* 932 F.2d 611, 618 n. 4 (7th Cir.1991); *United States v. Franco,* 909 F.2d 1042, 1046–47 (7th Cir. 1990). While control over others is a significant factor, it is not a prerequisite for enhancement under § 3B1.1(c). *Vargas,* 16 F.3d at 160; *United States v. Rivero,* 993 F.2d 620, 624 (7th Cir.1993); *Skinner,* 986 F.2d at 1097. *See also* U.S.S.G. § 3B1.1, comment. (n. 2) ("An upward departure may

be warranted ... in the case of a defendant who did not organize, lead, manage or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization."). "It is enough if the defendant was a key figure who coordinated and organized the criminal activity." *Rivero,* 993 F.2d at 624; *see also Vargas,* 16 F.3d at 160. The mere possession of a firearm during the course of criminal activity, however, does not evidence a leadership or organizational role. The government has presented nothing more in support of its request for enhancement.

There was no evidence tending to show that Bell claimed the right to a larger cut of the proceeds, that he recruited Walker to work for him, that he exercised any control over Walker, that he provided the drugs or the place of business, that he set the sale price, or that he exercised any greater responsibility over the property, assets or activities of the organization than did Walker. Indeed, the district court acknowledged that both Walker and Bell had drugs, both dealt the drugs, and both knew the prices. Under the circumstances, the two-level enhancement under § 3B1.1 was improper. *Vargas,* 16 F.3d at 160 ("supplying drugs and negotiating the terms of their sale do not by themselves justify a Section 3B1.1 increase"); *Skinner,* 986 F.2d at 1099 (Section 3B1.1(c) enhancement "may only be imposed where the defendant is more responsible than his co-defendants for the commission of the offense"); *Brown,* 944 F.2d at 1381–82 and 1385–86.

### B. *Reckless Endangerment*

The district court also gave a two-level enhancement for recklessly endangering others during flight under U.S.S.G. § 3C1.2. That Bell fired a shot at Detective Upton during the course of his flight from arrest is not disputed. Bell contends, however, that his federal sentence should not have been enhanced on the basis of that conduct because he was already serving a four-year sentence in state prison for the same offense. Bell contends that while the sentence does not constitute double jeopardy under the dual sovereignty doctrine, *Heath v. Alabama,*

474 U.S. 82, 92, 106 S.Ct. 433, 439, 88 L.Ed.2d 387 (1985); *United States v. Aleman,* 609 F.2d 298, 309 (7th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980), it is contrary to the philosophy of the Sentencing Guidelines to allow "double-counting."

The government contends that the enhancement under § 3C1.2 was appropriate in Bell's case. It concedes, however, that the district court may have erred in failing to credit Bell's federal sentence for time already served in state prison for the same offense in accordance with U.S.S.G. § 5G1.3(b). We agree.

While Bell's conduct falls squarely within the scope of § 3C1.2, and justifies a sentence enhancement, *see United States v. Chandler,* 12 F.3d 1427, 1433–34 (7th Cir.1994) (two-point adjustment is applicable where the defendant engaged in dangerous conduct in the course of resisting arrest); *United States v. Frazier,* 981 F.2d 92, 96 (3d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1661, 123 L.Ed.2d 279 (1993) (two-point adjustment applicable where the defendant engaged in dangerous conduct in the course of resisting arrest), section 5G1.3(b) must be considered by the district court in imposing sentence. Section 5G1.3(b) provides that:

> If ... the *undischarged term of imprisonment* resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense *shall be imposed to run concurrently to the undischarged term of imprisonment.*

(Emphasis added). The application notes to § 5G1.3 further state:

> When a sentence is imposed pursuant to subsection (b), the court should adjust *for any term of imprisonment already served* as a result of the conduct taken into account in determining the sentence for the instant offense....

U.S.S.G. § 5G1.3(b), comment. (n. 2) (emphasis added).

The district court clearly did not make the adjustments required by § 5G1.3(b) and Ap-

plication Note 2 when it imposed the ninety-seven-month term of imprisonment for Bell's participation in the conspiracy to distribute cocaine. Accordingly, Bell's sentence must be vacated and the case remanded for resentencing consistent with this opinion. *See United States v. Hicks,* 4 F.3d 1358, 1366–67 (6th Cir.1993).

### III. CONCLUSION

For the foregoing reasons, Bell's sentence on Count 1 (the drug trafficking offense) is VACATED and the cause REMANDED for resentencing. The sentence on Count 4 (using or carrying a firearm in relation to a drug trafficking crime) is AFFIRMED.