In the
United States Court of Appeals
For the Seventh Circuit

No. 98-2345

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NICHOLAS J. ROSS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:95 CR 109-01--Rudy Lozano, Judge.

Submitted May 3, 2000/*--Decided July 5, 2000

Before Posner, Chief Judge, and Diane P. Wood and
Evans, Circuit Judges.

Diane P. Wood, Circuit Judge.  Nicholas Ross
pleaded guilty in 1997 to possession of a firearm
by a felon. Ever since then, Ross has steadfastly
maintained that the district court should have
imposed a sentence under the Armed Career
Criminal Act that reflected a reduction of 34
months, to account for the time he spent
imprisoned on a related state burglary conviction
before his federal sentencing. The district
court, thinking that the Bureau of Prisons
("BOP") would give Ross credit for the 34 months
in question, imposed a term of 188 months on the
understanding that Ross would actually serve only
154 more months in federal custody. Ross, who was
pro se at sentencing, appealed and argued that
the district court should have credited the time
directly. Twice we rejected appointed appellate
counsel's characterization of Ross's appeal as
frivolous. The third time has proven to be the
charm for Ross. The second new lawyer, agreeing
with Ross, has presented the argument that the
sentencing court committed reversible error. The
government has confessed error. We accept its
concession and remand for resentencing.

Ross broke into an Indiana home in July 1994
and stole a .25 caliber Beretta handgun. He was
later apprehended while driving a stolen van, and
the officers found the Beretta in the waistband

of his pants. This led to state charges of residential burglary, to which Ross pleaded guilty; for this, he ultimately received a state sentence of 20 years' imprisonment. Before sentencing on the burglary conviction, a federal grand jury returned a two-count indictment, charging Ross with possession of a firearm by a felon, 18 U.S.C. sec. 922(g)(1), and possession of a stolen firearm, 18 U.S.C. sec. 922(j)--the same Beretta handgun. At the time Ross committed the burglary, he had three prior violent felony convictions, rendering him eligible for a 15-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. sec. 924(e)(1). Ross pleaded guilty to the sec. 922(g)(1) charge, and the sec. 922(j) charge was later dismissed on the government's motion. By the time the district court sentenced Ross, he had already served 34 months on the undischarged state sentence.

At sentencing, Ross argued that U.S.S.G. sec. 5G1.3(b) required the court to impose his federal sentence concurrently with the undischarged residential burglary sentence. Ross further argued that Application Note 2 to sec. 5G1.3 required the court to reduce his presumptive federal sentence by the 34 months he had already served on the undischarged state sentence. The district court, without objection from the government, agreed on both points. The court properly ordered the federal prison term to run concurrently with the remainder of the state prison term based on its determination that Ross's burglary conviction was "fully taken into account" in the offense level calculation. See, e.g., United States v. Bell, 28 F.3d 615, 618-19 (7th Cir. 1994); United States v. Evans, 1 F.3d 654, 654 (7th Cir. 1993) (per curiam). But instead of sentencing Ross to 154 months, as Ross had argued was appropriate, the court sentenced Ross to 188 months and attempted to order the BOP to give Ross a 34-month credit against that term. It was this step in the process that Ross claims was error, and the government now agrees with him. Ross notes that the BOP not only has not given him credit, but worse, that 18 U.S.C. sec. 3585(b) bars it from doing so, because the state had already credited the 34 months against his state sentence.

Ross is correct. The district court had no authority to order the BOP to give Ross the credit because that authority rests exclusively with the BOP. See United States v. Wilson, 503 U.S. 329 (1992); United States v. McGee, 60 F.3d 1266, 1272 (7th Cir. 1995). Even if the BOP had desired to effectuate the sentencing court's intent, it could not have done so because sec. 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been

applied against another sentence. See United States v. Walker, 98 F.3d 944, 945 (7th Cir. 1996). And here, the state obviously was giving Ross credit for his time served in state prison on a state sentence. Under these circumstances, Application Note 2 to sec. 5G1.3 directs the sentencing court to credit the otherwise applicable guideline term of imprisonment. See Bell, 28 F.3d at 618-19; see also United States v. Dorsey, 166 F.3d 558, 563 (3d Cir. 1999); United States v. Drake, 49 F.3d 1438, 1440 (9th Cir. 1995); United States v. Kiefer, 20 F.3d 874, 875-76 (8th Cir. 1994). Therefore, we agree with Ross that Application Note 2 to sec. 5G1.3 required the sentencing court to reduce by 34 his 188-month guideline sentence and impose a net sentence of 154 months.

One further issue requires our attention. Ross, as an armed career criminal, was subject to a 15-year mandatory minimum sentence under 18 U.S.C. sec. 924(e)(1). On the surface of things, it would appear that the requirement of Application Note 2 to apply the 34-month credit to Ross's sentence would have left his net sentence 26 months short of the statutorily required 15-year minimum term. In our view, however, such a conclusion would exalt form over substance. Ross's total sentence for purposes of sec. 924(e) should be viewed as the sum of the sentence reflected on the federal district court's order of judgment (which here said 188 months, but should have said the 154 months the judge intended he should actually serve) plus the 34 months he has already served for the "conduct taken into account in determining the guideline range." The effect of sec. 924(e) is to require that the total of the time served plus the federal sentence cannot be less than 180 months (the mandatory 15-year period), but Ross's total is 188 months, comfortably above that range. Two other circuits have come to the same conclusion on similar facts. See Drake, 49 F.3d at 1440-41; Kiefer, 20 F.3d at 876-77. As the Kiefer court pointed out, the language of sec. 924(e) stipulates that an armed career criminal like Ross "shall be . . . imprisoned not less than fifteen years." The statute does not specify any particular way in which that imprisonment should be achieved. The district courts are empowered under the Sentencing Guidelines to adjust the concurrent or consecutive nature of federal sentences so as to produce the correct total punishment. See U.S.S.G. sec.sec. 5G1.2, 5G1.3. The Guidelines take the additional step in sec. 5G1.3 of specifying how undischarged terms of imprisonment should be taken into account to achieve the correct result. Application Note 2 goes further and specifies that the credit so given is not a departure from the guideline

range; it is simply another way of achieving the required period of imprisonment. (A departure below the statutory mandatory minimum would be prohibited, unless the defendant qualified for safety valve treatment, 18 U.S.C. sec. 3553(f), or the government moved for a departure based on substantial assistance, 18 U.S.C. sec. 3553(e). See United States v. Smallwood, 188 F.3d 905, 916 (7th Cir. 1999); United States v. Arrington, 73 F.3d 144, 147 (7th Cir. 1996).)

We conclude the computation of the total term of imprisonment for purposes of sec. 924(e) may, consistently with Application Note 2 to sec. 5G1.3, be accomplished by adding up the number of months the defendant has served on the related conviction and the number of months assessed in the federal judgment. The total must equal or exceed the statutory mandatory minimum of 180 months. On remand, the sentencing court shall give Ross the full 34-month credit for the time he served on the undischarged state sentence and amend the total in the federal sentence accordingly.

For these reasons, we Vacate Ross's sentence and Remand for resentencing.

/* After an examination of the briefs and the record, we concluded that oral argument was unnecessary. Thus, the appeal was submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).