**Donald L. BARNES, Petitioner–Appellant,**

v.

**Bobby COMPTON,\* Respondent–Appellee.**

No. 01–3317.

United States Court of Appeals, Seventh Circuit.

Submitted March 20, 2002.\*\*

Decided March 21, 2002.

Before Hon. BAUER, Hon. KANNE, and Hon. DIANE P. WOOD, Circuit Judges.

### ORDER

A Kansas state court sentenced Donald Barnes to twenty-two months' imprisonment in May 1995. In February 1996 the state "loaned" him to federal authorities pursuant to a writ of habeas corpus ad prosequendem, but continued to credit time against his Kansas sentence while he was in federal custody. Barnes was sentenced in August 1996 to a federal term of imprisonment to run concurrently to his state sentence. He was returned to Kansas immediately after his federal sentencing, and when his state term of imprisonment ended in December 1996 Kansas released him back to federal custody

---

\* Bobby Compton has been substituted as the respondent in this action pursuant to Federal Rule of Appellate Procedure 43(c).

\*\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

to complete his federal sentence. In August 2001, after exhausting his administrative remedies through the Bureau of Prisons, Barnes asked the district court for a writ of habeas corpus because he believed he should get seven months credit against his federal sentence for his pre-sentence federal detention between February and August 1996. The district court declined to issue the writ, and Barnes appeals.

Kansas gave Barnes credit against his state sentence during his seven-month presentence federal detention; 18 U.S.C. § 3585(b) therefore precludes the relief Barnes seeks: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." *See also United States v. Ross*, 219 F.3d 592, 594 (7th Cir.2000). Further, a sentence cannot begin to run before it is imposed, *see United States v. Walker*, 98 F.3d 944, 945 (7th Cir.1996), so Barnes's argument on appeal that his concurrent federal sentence commenced when his pre-existing state sentence began is frivolous.

AFFIRMED.