638

**Marvin SMITH, Petitioner–Appellant,**

v.

**Suzanne HASTINGS, Respondent–Appellee.**

No. 03–1022.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 3, 2003.*

Decided Dec. 5, 2003.

Rehearing and Rehearing En Banc
Denied Dec. 29, 2003.

Marvin Smith, Federal Correctional Institution, Pekin, IL, for Petitioner–Appellant.

Thomas A. Keith, Office of the United States Attorney, Peoria, IL, for Respondent–Appellee.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

**ORDER**

Shortly after Wisconsin inmate Marvin Smith was arrested and jailed for violating his parole, he was indicted on an unrelated federal charge of crack distribution. Smith pleaded guilty to the federal charge and was sentenced to 110 months' imprisonment to run concurrently with the time remaining on his parole violator term.

Smith served 519 days in state custody for his parole violation, from July 28, 1999 to December 28, 2000, and his concurrent federal sentence started June 7, 2000. After he finished serving his state term, Smith asked the Bureau of Prisons to give him credit against his federal sentence for the time he had spent in state custody. The BOP denied his request, and he filed this habeas petition under 28 U.S.C. § 2241 alleging that the BOP wrongfully denied him the credit. The district court denied the petition on the grounds that the time he had spent in state custody had already been credited against his state sentence. We affirm.

On appeal, Smith renews his argument that the BOP wrongfully denied him credit against his federal sentence. The time Smith spent in state custody, however, was properly credited against his state sentence, and 28 U.S.C. § 3585(b) "forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence." *United States v. Ross*, 219 F.3d 592, 594 (7th Cir.2000).

Smith also argues for the first time that the sentencing court should have granted him a downward departure under U.S.S.G. § 5G1.3(b). But because he did not raise this argument in district court, he has waived it. *Hightshue v. AIG Life Ins. Co.*, 135 F.3d 1144, 1149 (7th Cir.1998). In any event, an attack on the validity of a conviction or sentence cannot be brought in a § 2241 petition. *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir.2001).

AFFIRMED

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).