UNITED STATES of America,
Plaintiff–Appellee,

v.

Orville WILSON, Defendant–Appellant.

No. 03–4348.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 21, 2004.*

Decided Oct. 26, 2004.

Before MANION, EVANS, and SYKES, Circuit Judges.

ORDER

Orville Wilson was part of a conspiracy to import and export cocaine that involved at least 45 international drug smuggling trips. In 2000, Wilson was convicted in the United States District Court for the District of New Jersey for conspiracy to distribute and possess with intent to distribute cocaine, 21 U.S.C. §§ 846, 841 and sentenced to 72 months of imprisonment. Two years later, he pleaded guilty in the Northern District of Illinois to conspiracy to import and export cocaine, 21 U.S.C. §§ 963, 960, in connection with the same events. He was sentenced to 120 months, to be served concurrently with the undischarged portion of the term imposed by the District of New Jersey. When sentenced in Illinois, Wilson had already served a good portion of that sentence.

Nearly a year after being sentenced in Illinois, Wilson filed a motion to correct the second judgment pursuant to Federal Rule of Criminal Procedure 36. He argued that the commitment order erroneously prescribed an aggregate sentence exceeding 10 years, which he asserted was the total overall sentence intended by the court when it ordered his two sentences to run concurrently. The district court denied Wilson's motion on the ground that the written judgment accurately reflected the sentence imposed by the court. Wilson appeals that order.

Under Rule 36, a court may correct at any time "clerical errors in judgments,

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

orders, or other parts of the record." Fed. R.Crim.P. 36. We have explained that this rule applies when there is an error "in the translation from the district court's original sentence to the formal written commitment order." *United States v. Becker,* 36 F.3d 708, 710 n. 2 (7th Cir.1994). Like the district court, we conclude that the written order of commitment accurately reflects the sentence that the judge orally announced, and that Rule 36 is of no avail to Wilson.

However, in deciding that Wilson's motion was "without merit," the district court passed over the possibility of construing his motion as one to vacate the sentence under 28 U.S.C. § 2255. At the outset of his motion, Wilson stated, "[I]f this court determines that this issue is not properly brought under Rule 36, the Petitioner begs this court to convert this motion to the one that is appropriate." He proceeded to allege in detail a substantive error in the calculation of his sentence that constitutes a misapplication of U.S.S.G. § 5G1.3(b) (2001).

During his prosecution in Illinois, Wilson cooperated extensively with the government. As part of his plea agreement, the government committed itself to moving for a downward departure under U.S.S.G. § 5K1.1. The government also committed to recommending a departure sentence of "one-half of the low end of the applicable Guidelines range or of the mandatory minimum sentence." At sentencing, the district court agreed with Wilson that the total offense level was 35, which when combined with a criminal history category of I yielded a sentencing range of 168–210 months. The presumptive mandatory minimum was 120 months, but because of the plea agreement, the minimum mandatory does not appear to have constrained the court. *See United States v. Melendez,* 518 U.S. 120, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996); *United States v. McMutuary,*

217 F.3d 477 (7th Cir.2000). In keeping with the plea agreement, the government recommended a sentence of one-half of the low end of the applicable guidelines range. The court sentenced Wilson to 120 months to run concurrently to the undischarged term of his New Jersey sentence. The record does not disclose how the court arrived at the sentence of 120 months, which was substantially higher than the government's recommendation. The sentence imposed by the court did not include credit for the time Wilson had already served on his New Jersey sentence for actions that were part of the same conspiracy; thus, he was to serve 10 years in addition to the time he had already served. As Wilson's motion asserts, this result is contrary to the sentencing guidelines.

During the Illinois prosecution, the government stipulated that Wilson's criminal conduct in New Jersey was fully encompassed by the Illinois conspiracy, and that the drug amounts included in calculating Wilson's New Jersey sentence counted again in the Illinois case, thus implicating § 5G1.3(b). That guideline requires that when a court sentences a defendant already serving a term of imprisonment, it must order the new sentence to run concurrently to the undischarged term of the first sentence, if "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." Thus, the district court properly ordered that Wilson's Illinois sentence run concurrently to the undischarged term of his New Jersey sentence.

But, as Wilson points out, Application Note 2 to § 5G1.3 further requires the court, if § 5G1.3(b) applies, to "adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if

the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." *See United States v. Ross,* 219 F.3d 592, 595 (7th Cir.2000); *United States v. Blackwell,* 49 F.3d 1232, 1241 (7th Cir.1995). The subtraction is to be made even from a minimum mandatory. Thus, the minimum guideline sentence was actually 168 months less the time already served on the New Jersey conviction, and the statutory minimum mandatory (if applicable at all in view of the plea agreement) was 120 months less the same amount. The court, without objection from Wilson's defense counsel, did not adjust Wilson's sentence to reflect the period of his New Jersey sentence that he had already served. The record is unclear as to how much of the 34 months that Wilson spent in custody during his Illinois prosecution was credited toward his New Jersey sentence, but that amount of time should have been deducted from his Illinois sentence.

The government argues in this court that any error that the sentencing court committed is harmless because the court also gave Wilson a downward departure for his substantial assistance to the government. The government represents that Wilson received a departure of four years off the minimum guideline range, but that assertion is true only if § 5G1.3(b) is ignored altogether. The reality, depending on the portion of the New Jersey sentence already served, suggests that the "departure" is illusory. Wilson, even after purportedly being awarded a downward departure for substantial assistance, will conceivably serve more time than either the minimum mandatory or the minimum guideline term after adjustment. Moreover, the question of departure is separate from the credit Wilson should have received. We have stated that credit given for an undischarged term of imprisonment is "not a departure from the guideline range." *Ross,* 219 F.3d at 595. Because

the departure for substantial assistance is independent of the credit given for time served, the government's argument that "any error in how [the court] arrived at the ten year sentence is harmless" is not accurate. Further, the government's insistence that the 120–month sentence was properly imposed is somewhat disingenuous given that it extolled Wilson's contributions to its investigation and recommended a sentence significantly shorter than 120 months.

The Bureau of Prisons is powerless to adjust Wilson's sentence to remedy the error. The BOP can credit a period of incarceration against one sentence only, and if it credited the time before the Illinois sentencing against the New Jersey term of imprisonment, it cannot credit the same period against the Illinois sentence. *See Ross,* 219 F.3d at 594. That is why § 5G1.3(b) requires the district court to make a subtraction before imposing sentence; the guideline "insures that a defendant is not penalized twice for the same conduct." *United States v. Blackwell,* 49 F.3d 1232, 1241 (7th Cir.1995).

Because the BOP cannot adjust Wilson's sentence, and the time for correcting the judgment under Rule 35 of the Federal Rules of Criminal Procedure has long passed, a § 2255 motion is his only recourse. We have held that a motion that could have been accurately labeled a § 2255 motion may be so deemed as long as the district court gives the movant notice and the opportunity to withdraw the motion. *Henderson v. United States,* 264 F.3d 709, 711 (7th Cir.2001). Had the district court construed his "Rule 36" motion, which was filed on August 15, 2003, as a § 2255 motion, it would have been timely. And although a misapplication of the sentencing guidelines is not in itself grounds for relief under § 2255, *see United States v. Wisch,* 275 F.3d 620, 625 (7th

Cir.2001), the record and Wilson's brief suggest that he may have a colorable claim based on a theory of ineffective assistance of counsel, *e.g., Ballinger v. United States,* 379 F.3d 427, 429–30 (7th Cir.2004), or perhaps a breach of the plea agreement, *e.g., United States v. Rourke,* 74 F.3d 802, 805–6 (7th Cir.1996). If Wilson amends the motion to develop an appropriate claim, such as ineffective assistance of counsel based on his attorney's failure to apprise the district court of the requirements of § 5G1.3(b), the amended motion would relate back to the date on which he filed his original motion. *See Ellzey v. United States,* 324 F.3d 521, 526 (7th Cir. 2003).

Accordingly, we VACATE the decision of the district court and REMAND with instructions to treat Wilson's filing as motion under § 2255.