**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 24, 2005[*]
Decided October 25, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1890

| | |
|---|---|
| WILLIAM J. SHORT,<br>    *Petitioner-Appellant*, | Appeal from the United States District<br>Court for the Southern District of Illinois |
| *v.* | No. 03-cv-0550-MJR |
| SARA REVELL, **<br>    *Respondent-Appellee*. | Michael J. Reagan,<br>*Judge*. |

**O R D E R**

Federal inmate William Short petitioned for a writ of *habeas corpus* under 28 U.S.C. § 2241 claiming that the Bureau of Prisons miscalculated the amount of time from a previously imposed state sentence that should be credited against his federal sentence. The district court denied the petition. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

[**] Pursuant to Fed. R. App. P. 43(c), we substitute Sara Revell, the current warden of the Federal Correctional Institution in Greenville, Illinois, for her predecessor, Darlene Veltri.

The relevant facts are undisputed. In August 1999, Short was arrested on federal drug charges in the Southern District of Indiana (he was also charged that same day in a Kentucky state court with a drug-related offense, but Kentucky has not pursued its charge). Short was promptly released from federal custody on his own recognizance and remained free awaiting trial until Indiana authorities arrested him in January 2000 for driving while intoxicated and with a suspended license. This time he was detained. In March 2000 an Indiana court sentenced him to a total of three years' imprisonment on these vehicular crimes.

On March 29, 2000, just days after he was sentenced in state court, Short was delivered to the United States Marshals Service on a writ of *habeas corpus ad prosequendum* to face trial on the 1999 federal drug charges; he ultimately pleaded guilty to a conspiracy count, and on January 31, 2001, was sentenced to 168 months. The district court ordered that the federal sentence run "concurrent with any other sentence." Short did not appeal. He was returned to Indiana authorities on February 20, 2001, to complete his three-year term, but the BOP designated the Indiana Department of Corrections as the place of confinement on his federal sentence and credited against his federal sentence every day beginning with January 31, the date of his federal sentencing. Six months later Short was paroled by Indiana and sent directly into federal custody to complete his federal sentence.

Short, who is now incarcerated in the Southern District of Illinois, claimed in his petition that the sentencing court, by imposing the federal sentence to run concurrently with any other sentence, intended that the ten months between March 29, 2000, when the writ of *habeas corpus ad prosequendum* was executed, and the date of his sentencing in the Southern District of Indiana be credited against the federal term. The government replied that Short had received credit for this period against his Indiana sentence, and that under 18 U.S.C. § 3585(b) the BOP could not also count it toward the federal sentence. The district court agreed with the government. Our review of this ruling is *de novo*. *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005).

A federal sentence cannot commence before it is imposed, *United States v. Walker*, 98 F.3d 944, 945-46 (7th Cir. 1996), and a district court has no power to award presentence credit, *United States v. Wilson*, 503 U.S. 329, 333 (1992); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). A district court may order a federal sentence to run concurrently with an undischarged state sentence, 18 U.S.C. § 3584(a); *Romandine v. United States*, 206 F.3d 731, 737-38 (7th Cir. 2000), and if the defendant is still in state custody when the federal sentence is imposed, the BOP can implement the concurrent sentence by designating a state facility as the place of federal confinement, 18 U.S.C. §§ 3585(a), 3621(b); *Romandine*, 206 F.3d at 738. But the BOP cannot give credit for any period of presentence custody that has already been credited against another sentence, 18 U.S.C. § 3585(b); *Ross*, 219 F.3d at 594, and though Short was physically in the hands of the marshals service during

the ten months before his federal sentencing, he remained in the legal custody of Indiana during that period and received credit against his state sentence, *see Jake v. Herschberger*, 173 F.3d 1059, 1062 n.1 (7th Cir. 1999); *Sinito v. Kindt*, 954 F.2d 467, 469 (7th Cir. 1992) (per curiam) (writ of *habeas corpus ad prosequendum* does not alter custody status); *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989) (per curiam) (prisoner delivered on writ of *habeas corpus ad prosequendum* is simply "on loan" for prosecution by receiving authority, and sending authority "retains full jurisdiction" over prisoner).  This presentence period, therefore, could not also be credited against the 168-month federal term.  *See Ross*, 219 F.3d at 594.

Short does not really disagree.  Rather, his argument seems to focus instead on U.S.S.G. § 5G1.3(b), which directs a sentencing court to impose a *shorter* sentence to account for any period of incarceration already served on another conviction encompassing the same conduct.  U.S.S.G. § 5G1.3(b); *Ross*, 219 F.3d at 594.  For a defendant sentenced in separate proceedings arising from overlapping criminal conduct, § 5G1.3(b) operates to "approximate the total penalty that would have been imposed" had the proceedings been resolved together, *Witte v. United States*, 515 U.S. 389, 404 (1995), and insures that the prisoner "is not penalized twice for the same conduct," *United States v. Blackwell*, 49 F.3d 1232, 1241 (7th Cir. 1995).  Short speculates that the sentencing court was thinking of § 5G1.3(b) but misapplied that guideline by ordering a concurrent sentence without also subtracting ten months from the 168 months it imposed.  That scenario is improbable because § 5G1.3(b) is irrelevant to Short's wholly unrelated drug conspiracy and driving offenses.  In any event the contention concerns the imposition, not the execution, of his federal sentence and falls outside the scope of § 2241.  *See Kramer v.* Olson, 347 F.3d 214, 217 (7th Cir. 2003); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).  Indeed the argument would be problematic in any collateral forum because claims premised on the sentencing guidelines generally must be raised on direct appeal if at all.  *Allen v. United States*, 175 F.3d 560, 563  (7th Cir. 1999); *Martin v. United States*, 109 F.3d 1177, 1178 (7th Cir. 1997) (per curiam).  Accordingly, we AFFIRM the district court.