UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 6, 2006[*]
Decided April 7, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-1591

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>VERGIL D. IKNER,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Illinois<br><br>No. 4:03CR40034-004-JPG<br><br>J. Phil Gilbert,<br>*Judge.* |

**O R D E R**

Vergil Ikner pleaded guilty to two counts of conspiring to possess a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. The government timely notified Ikner that, based upon his prior drug convictions, it intended to seek a mandatory minimum sentence of ten years' imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(B), 851. At sentencing, the district court calculated Ikner's recommended imprisonment range as 120 to 150 months. The district court also considered argument from both the government and Ikner's counsel urging it to

---

[*]After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

credit Ikner for time he served on a related state conviction. *See* U.S.S.G. § 5G1.3. The court ruled, however, that it lacked authority to go below the statutory minimum to give credit for the discharged state prison term: "If the range was a lot higher, I could give you, you know, depart downward because of your discharged term of imprisonment on a related case, but I still don't believe that gives me the authority under the law to depart downward below the mandatory minimum." The court then sentenced Ikner to the statutory minimum term of ten years' imprisonment on each of the two counts to be served concurrently.

On appeal Ikner's counsel argues, and the government concedes, that the district court erred in concluding that it was not authorized to adjust Ikner's sentence below the statutory minimum to account for time he served on a related, discharged state sentence. We agree with the parties that the district court may adjust a defendant's federal sentence to account for time served on related charges so long as the defendant's total period of incarceration is equal to or greater than the statutory minimum. *See United States v. Ross*, 219 F.3d 592, 594-95 (7th Cir. 2000); *United States v. Rivers*, 329 F.3d 119, 122 (2d Cir. 2003) (collecting cases). Thus Ikner's mandatory minimum term of imprisonment for purposes of § 841(b)(1)(B) may be viewed as the statutory minimum of 120 months less the number of months served on his related state conviction. *See Ross*, 219 F.3d at 595; U.S.S.G. § 5G1.3. We vacate Ikner's sentence and remand the case on this basis.

We reject, however, counsel's argument that Ikner's mandatory minimum sentence was erroneously enhanced based upon prior convictions that were not alleged in the indictment or proved to a jury beyond a reasonable doubt. Counsel recognizes that *Almendarez-Torres v. United States,* 523 U.S. 224 (1998), controls and is still good law, and he concedes that he raises this issue strictly to preserve it for Supreme Court review. *See Hohn v. United States*, 524 U.S. 236, 252-53 (1998).

In addition, although Ikner is represented by counsel, he has filed a *pro se* brief on appeal. A represented litigant has no right to file a *pro se* brief, *see, e.g., United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998), though in appropriate circumstances we may permit such a filing, *see Hayes v. Hawes*, 921 F.2d 100, 102 (7th Cir. 1990). We allowed Ikner to file a brief, from which we can discern two general challenges. First, Ikner contends that the government failed to provide pre-plea notice under 21 U.S.C. § 851 of its intent to seek an enhanced mandatory minimum sentence of ten years' imprisonment. The record shows, however, that the government filed an information listing the prior convictions upon which it intended to rely and served Ikner with notice of its intent to seek an enhancement prior to Ikner's entering his plea. *See United States v. Jackson*, 121 F.3d 316, 319 (7th Cir. 1997). Ikner also argues that the district court violated the Sixth Amendment by calculating his sentence based on facts that had not been found by a jury—the drug quantity used to compute his guidelines range and that

he possessed a gun during the offense. But in *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that district judges may resolve factual disputes as long as they treat the guidelines as advisory rather than conclusive. Here, the district judge followed that approach.

For the foregoing reason, we VACATE Ikner's sentence and REMAND the case so that the district court may consider whether it wants to impose a different sentence that takes into account the time Ikner served on his related state sentence.