**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 11, 2009[*]
Decided March 24, 2009

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3040

| | |
|---|---|
| KEITH F. SHELTON, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 08-cv-0031-MJR |
| | |
| UNITED STATES OF AMERICA[**], | Michael J. Reagan, |
| *Respondent-Appellee.* | *Judge.* |

**O R D E R**

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

[**] Because Shelton has begun his three-year term of supervised release, we have substituted the United States as the respondent. See, *e.g.*, *Ramos v. United States*, 3 F.App'x 543 (7th Cir. 2001).

Keith Shelton was convicted in 2007 of possessing a firearm following a felony conviction. See 18 U.S.C. § 922(g)(1). He disputes the Bureau of Prisons' computation of his sentence in this action under 28 U.S.C. § 2241. Although the chronology of his state and federal criminal proceedings is complicated, Shelton's assertion that he is entitled to a lesser sentence is not. We affirm the denial of his petition.

Shelton committed the firearms offense in April 2005, but he was not arrested or charged at that time. Six months later, in October 2005, local police officers arrested him on state charges of aggravated assault and evading arrest. Shelton was held in state custody on those charges, but in January 2006 he was temporarily released to the Marshals Service on a writ of *habeas corpus ad prosequendum* to make his initial appearance in federal court on the § 922(g)(1) charge. See 28 U.S.C. § 2241(c)(5). The district court ordered Shelton detained pending trial, see 18 U.S.C. § 3142, and he was then returned to the state jail where the deputy marshals had found him. There he remained until his federal sentencing in March 2007.

Meanwhile, the state prosecution went forward. In March 2006 the state dismissed its pending charges, but Shelton remained where he was—now as a federal prisoner—because of the detention order in his federal case. After four months the state substituted a new charge (evading arrest with a motor vehicle) for the dismissed counts. Shelton pleaded guilty in state court, and here's where things get complicated. In October 2006 the state court sentenced Shelton to 345 days' imprisonment but credited against that term the 341 days which had elapsed since he was first jailed by state authorities the previous October. Shelton discharged that sentence four days later, but it would be another 174 days before his sentencing on the firearms charge. He eventually received 34 months' imprisonment.

After that the Bureau of Prisons twice bungled the computation of Shelton's federal sentence before arriving at its final figure: 34 months minus 174 days' credit for the time served following the completion of his state sentence. But Shelton insists that he also is entitled to credit for the pocket of time between the state's dismissal of its earlier charges (March 2006) and his later indictment for evading arrest with a motor vehicle (July 2006). He reasons that during that time his custody was federal, so his federal sentence ought to include those four months. Yet 18 U.S.C. § 3585 permits credit for presentence custody only if that time has not already been credited against another sentence. See *United States v. Wilson*, 503 U.S. 329, 333 (1992); *Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000); *United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996). And Shelton's state sentence included all time served from October 2005 (the date of his state arrest) to October 2006 (the date of his state-court conviction). So the

Bureau of Prisons was right to limit his credit for time served to the period of pretrial custody following the end of his state sentence.

AFFIRMED.