In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-4194

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

HECTOR CRUZ,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 CR 922-11—**Elaine E. Bucklo**, *Judge*.

ARGUED JANUARY 26, 2010—DECIDED FEBRUARY 11, 2010

Before BAUER, POSNER, and KANNE, *Circuit Judges*.

POSNER, *Circuit Judge*. Hector Cruz challenges his 10-year mandatory-minimum sentence for conspiring to sell illegal drugs. 21 U.S.C. § 841(b)(1)(A). He had previously been convicted in an Illinois state court of a state drug offense that the parties agree was "relevant conduct" in the federal prosecution, relevant conduct being defined as actions "that were part of the same course of conduct or common scheme or plan as the offense of

conviction." U.S.S.G. § 1B1.3(a)(2). Although he was released (on parole) from state prison before being sentenced for the federal offense, he argues that the 18 months he served in state prison should be deducted from his 10-year federal sentence.

The government agrees with Cruz and has confessed error on the district court. We do not agree; nor do federal prosecutors in other districts. See *United States v. Ramirez*, 252 F.3d 516, 518 (1st Cir. 2001); Brief for the United States in *United States v. Wint*, No. 04-4307 (2d Cir. July 25, 2005), 2005 WL 3948487, at *30-31. A defendant may be given a sentence below a statutory minimum only if he either has rendered substantial assistance to the government or satisfies specified criteria designed to mitigate a harsh sentence for a drug offense. 18 U.S.C. §§ 3553(e), (f). Neither ground is available to Cruz.

But when a defendant is convicted of two or more crimes arising from the same course of conduct, the judge may (with immaterial exceptions) impose concurrent sentences; if the sentences are imposed by different judges, the later-sentencing judge can impose a concurrent sentence. 18 U.S.C. § 3584. (On the complexities involved in concurrent federal and state prison sentences, unnecessary to address in this case, see *Romandine v. United States*, 206 F.3d 731, 737-39 (7th Cir. 2000).) The district judge could have imposed a concurrent sentence in this case had Cruz not already been released from state custody. But he had; and although he was paroled rather than released unconditionally, his state sentence was "discharged" for purposes of deciding whether the

federal judge could impose a concurrent sentence; and thus the judge could not. *United States v. Pray*, 373 F.3d 358 (3d Cir. 2004), and cases cited there; see also *Prewitt v. United States*, 83 F.3d 812, 817-18 (7th Cir. 1996).

If while Cruz still had 18 months to serve on his state sentence he had been sentenced on the federal charge, the district judge could have made the federal sentence run concurrently with the state sentence rather than begin when he completed that sentence. And then instead of facing imprisonment for a total of 10 years and 18 months he would be facing imprisonment for only 10 years. But since he had finished serving his state sentence when he received the federal sentence, there was no sentence to make his federal sentence concurrent with. What he is seeking is not a concurrent sentence but a sentencing reduction on account of a sentence previously served.

The government's confession of error is based on an excessively broad interpretation of our decision in *United States v. Ross*, 219 F.3d 592 (7th Cir. 2000). The district judge in that case had made the defendant's sentence run concurrently with a state sentence for related conduct. He had served 34 months of his state sentence and we held that the judge could deduct that number of months from the federal sentence as long as the combined length of the state and federal prison sentences was not less than the federal statutory minimum.

The federal sentence was for a gun offense, in violation of 18 U.S.C. § 924, which provides that certain violators "shall be imprisoned . . . not less than fifteen years," *id*.,

§ 924(e)(1), and we pointed out that "the statute does not specify any particular way in which that imprisonment should be achieved." 219 F.3d at 595. The statute under which Cruz was sentenced provides in contrast that the offender "shall be *sentenced* to a term of imprisonment which may not be less than 10 years." 21 U.S.C. § 841(b)(1)(A) (emphasis added). The language does not permit a shorter sentence to be imposed unless one of the exceptions in 18 U.S.C. §§ 3553(e) and (f) is available.

A further distinction between this case and *Ross* is that Ross's state prison term had not been fully served (discharged). The federal sentencing guidelines, which when *Ross* was decided were mandatory, "specif[ied] how undischarged terms of imprisonment should be taken into account to achieve the correct result," 219 F.3d at 595; see U.S.S.G. § 5G1.3(b)—namely by deduction of time served in prison pursuant to the state sentence. Application Note 2 to the guidelines section explained that such an adjustment was not a departure from the guidelines range, and we noted in *Ross* that a departure below a statutory minimum would be impermissible unless 18 U.S.C. §§ 3553(e) or (f) applied. 219 F.3d at 595. Cruz's state sentence was not discharged, and *United States v. Ramirez*, *supra*, the only published decision on point, holds that a discharged sentence may not be used to reduce a statutory minimum sentence.

Later the Sentencing Commission added a note (originally Application Note 7, later renumbered 4; see also Policy Statement § 5K2.23) to section 5G1.3(b) that extends the section to discharged sentences. But the note explains that the way to take a discharged sentence

into account in sentencing is by making a downward departure from the defendant's guideline range—and with inapplicable exceptions a statutory minimum blocks a downward departure that carries the sentence below the minimum. E.g., *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) (per curiam); *United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006).

The result in *Ross* was tied to the undischarged character of the state sentence even more tightly than by the guidelines. The failure to subtract the time served on a nondischarged sentence would sometimes create arbitrary differences among offenders. Section 5G1.3 "operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." *Witte v. United States*, 515 U.S. 389, 405 (1995); see also *United States v. Plantan*, 102 F.3d 953, 955 (7th Cir. 1996). The adjustment in *Ross* for the portion of the state sentence that the defendant had already served was necessary to avoid a situation in which the happenstance of how much of the prior sentence has been served when the federal sentence is imposed would determine the length of the defendant's imprisonment. Suppose the federal statutory minimum were 10 years (as in this case) and one defendant had served 1 year of a related state sentence and another defendant 9 years. Without an adjustment the total length of imprisonment of the first defendant would be 19 years and of the second defendant 11 years; to make each defendant serve total prison time of 10 years (supposing the sentencing judge thought them equally deserving of that amount of time), the first defendant would require a 9-year reduction and the second defendant a 1-year

reduction. (If the judge wanted both defendants to be in prison for 11 years—the district judge in *Ross* wanted the defendant to serve a prison term slightly longer than the statutory minimum—the judge would give the first defendant a reduction of 8 years and the second defendant no reduction.)

The approach that we took in *Ross* eliminated an arbitrary feature of concurrent sentencing. But, perhaps unfortunately, the approach is not available in the present case, because there is no concurrent sentence and cannot be one when the defendant is no longer "subject to an undischarged term of imprisonment." 18 U.S.C. § 3584(a); see *United States v. McNeil*, 573 F.3d 479, 480 (7th Cir. 2009); *United States v. Fay*, 547 F.3d 1231, 1236 (10th Cir. 2008). Both decisions on which *Ross* relied for its approach had in turn relied on the fact that in 18 U.S.C. § 3584(b) Congress had directed sentencing judges, in deciding whether to impose a concurrent or a consecutive sentence, to consider the sentencing factors in 18 U.S.C. § 3553(a), which in turn incorporated the Sentencing Commission's guidelines and policy statements, *id*., §§ 3553(a)(4), (5)—including therefore section 5G1.3(b) of the guidelines, the section on which we had relied in *Ross*. *United States v. Drake*, 319 F.3d 1438, 1440-41 (9th Cir. 1995); *United States v. Kiefer*, 20 F.3d 874, 876 (8th Cir. 1994). The chain of incorporations is broken when there is no concurrent sentence.

The confession of error is rejected and the judgment is

AFFIRMED.