**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**

**Chicago, Illinois 60604**

May 23, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-3296

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 10 CR 767 |
| ANDRZEJ PIETKIEWICZ, | |
| *Defendant-Appellant.* | Ronald A. Guzmán, |
| | *Judge.* |

**O R D E R**

Andrzej Pietkiewicz used phony identification and false loan applications to finance at least 12 vehicles, mostly luxury cars, from dealers in the Chicago area. Only one vehicle ever was recovered. Pietkiewicz succeeded in assuming aliases that could withstand credit checks by paying an Ohio official for authentic credit-history information. In March 2011, based on this conduct, Pietkiewicz pleaded guilty in the Northern District of Illinois to an information charging him with committing mail fraud during the period from March 2008 through October 2009. *See* 18 U.S.C. § 1341. Meanwhile, in the Northern District of Ohio, he already had pleaded guilty to conspiracy to commit identify fraud, 18 U.S.C. § 1028(f), (a). That conspiracy, which ran from 2007 until October 2009, involved the same Ohio official and the same stolen identities.

Pietkiewicz had been sentenced to six months' imprisonment on the Ohio case, and that sentence had been fully discharged by the time he pleaded guilty to the § 1341 count in the Northern District of Illinois. At sentencing on the § 1341 charge, Pietkiewicz moved for a below-guidelines prison sentence on the basis of U.S.S.G. § 5K2.23, which provides that a reduced sentence "may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 . . . would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense." Pietkiewicz argued that he met these conditions and asked for a reduction to account for his completed six-month term. The government opposed this request, which the district court rejected without explanation. The court sentenced Pietkiewicz to 71 months' imprisonment and ordered him to pay  $438,461 in restitution.

Pietkiewicz filed a notice of appeal, but his newly appointed lawyer has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We disagree with counsel's assessment and deny the motion.

Section 5G1.3(b) of the sentencing guidelines provides that a sentence "shall be adjusted" to account for the completed portion of an undischarged prison term that was imposed for "another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments)." This adjustment is literally inapplicable when the other sentence has been fully served, but § 5K2.23 explains that a reduction still "may be appropriate" as a matter of discretion if the other criteria of § 5G1.3(b) are met for the discharged sentence. *See* U.S.S.G. § 5G1.3 cmt. n.4;  *United States v. Cruz*, 595 F.3d 744, 746 (7th Cir. 2010).

In his *Anders* brief, counsel reasons that it would be frivolous to argue that the district court erred in denying Pietkiewicz's request for a reduction under § 5K2.23 because, counsel asserts, the Ohio conduct was not used to increase Pietkiewicz's offense level. Counsel overlooks, however, that the court expressly relied on Pietkiewicz's purchase of identity and credit information from the Ohio official in applying two upward adjustments—one for using "sophisticated means" in committing the mail fraud, U.S.S.G. § 2B1.1(b)(10)(C), and the other for participating in an "organized scheme" to steal cars, *id*. § 2B1.1(b)(13)(A). These two adjustments added a total of 4 offense levels. Moreover, it is clear that the court recognized the Ohio conduct as "relevant conduct" because the court adopted the probation officer's advice that Pietkiewicz receive zero criminal-history points for his conviction in the Northern District of Ohio, advice premised on the view that the charges in both districts are part of the same offense under U.S.S.G. § 4A1.2(a)(1).

The district court nonetheless denied Pietkiewicz's § 5K2.23 argument without explanation. District courts must address nonfrivolous grounds in mitigation and generally are obliged to explain their choice of sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Robertson*, 662 F.3d 871, 880 (7th Cir. 2011); *United States v. Kilgore*, 591 F.3d 890, 893 (7th Cir. 2010). At this stage, we cannot conclude that it would be frivolous for Pietkiewicz to base an appellate claim on the unexplained denial of his § 5K2.23 argument. In a written submission the government had argued against a reduction because, according to the prosecutor, the § 5G1.3 criteria would not be met unless the Northern District of Ohio conviction "increases his *base* offense level or factors into the calculation of his criminal history category" (emphasis added). This understanding of § 5G1.3(b), which Pietkiewicz disputed, appears to contradict the text of the guideline, and the government cited no authority supporting its reading. It is arguable, then, that the district court denied Pietkiewicz's request for a reduction based on a misunderstanding about the requirements of § 5K2.23.

We express no opinion on the merits. We decide only that an appellate challenge to the denial of the motion under § 5K2.23 would not be frivolous and that Pietkiewicz is entitled to the benefit of briefing by counsel. *See United States v. Eskridge*, 445 F.3d 930, 931–32 (7th Cir. 2006).

Counsel's motion to withdraw is **DENIED**. Briefing will proceed as follows:

1.      The brief and required short appendix of the appellant are due by June 22, 2012.

2.      The brief of the appellee is due by July 23, 2012.

3.      The reply brief of the appellant, if any, is due by August 6, 2012.

Important Scheduling Notice!

> Notices of hearing for particular appeals are mailed shortly before the date of oral argument. Criminal appeals are scheduled shortly after the filing of the appellant's main brief; civil appeals after the filing of the appellee's brief. If you foresee that you will be unavailable during a period in which your particular appeal might be scheduled, please write the clerk advising him of the time period and the reason for such unavailability. Session data is located at http://www.ca7.uscourts. gov/cal/calendar.pdf. Once an appeal is formally scheduled for a certain date, it is very difficult to have the setting changed. See Circuit Rule 34(e).