# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2013

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Anthony Allen Collier, also known as | * | District Court for the Western |
| Allen Collier, also known as Anthony | * | District of Missouri. |
| C. Collier, also known as Anthony J. | * | |
| Collier, also known as Anthony Ellen | * | |
| Collier, also known as Anthony Allan | * | |
| Collier, also known as Michael C. | * | |
| Collier, also known as James J. | * | |
| Howard, also known as James E. | * | |
| Collier, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 12, 2005
Filed: June 27, 2005

_____

Before LOKEN, Chief Judge, WOLLMAN, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

On May 21, 2003, Collier pled guilty to an indictment charging him with bank fraud, fraudulent use of identification, and fraudulent use of a social security number. On appeal Collier challenges his sentence and we affirm.

## I.    BACKGROUND

Collier conducted a grand scheme of identity theft, using the stolen identities of several victims to obtain loans and credit card accounts. According to the PSR, Collier used the money to purchase automobiles and a house, and spent much of it as cash. He also used the identities in an attempt to obtain student loans. In most cases, Collier and others then defaulted on the loans and retained the property purchased with them for personal use until it could be located and recovered by creditors. The government alleges that in addition to multiple corporations, nine individuals were victimized through these thefts, with losses totaling well over $100,000.00.[1]

At sentencing, the court[2] started with a total offense level of eighteen and a criminal history category of VI, establishing a guideline range of fifty-seven to seventy-one months. Collier has an extensive criminal history and the instant offense was committed less than two years after his release from custody. The district court questioned Collier exhaustively to determine whether it would adjust his base offense level for acceptance of responsibility. Collier admitted his wrongdoing with regard to both the charged and relevant conduct. And, he withdrew all of his pending objections to the PSR at sentencing, hoping that it would help him establish acceptance of responsibility. The district court, however, determined that Collier's testimony was merely an attempt to minimize his involvement in the schemes. Thus, the district court concluded Collier was not entitled to the adjustment.

The court then departed upward four levels on both grounds suggested by the government in the PSR: that Collier's criminal history category did not adequately

---

[1]Collier argues in his brief that he admitted only to a total loss of $46,427.68.

[2]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

-2-

reflect the seriousness of his past criminal conduct or the likelihood that he would commit other crimes, and Collier's conduct caused his victims substantial damage.

The district court sentenced Collier to concurrent sentences of 100 months on three counts and sixty months on two counts, concurrent supervised release terms, and a special assessment of $500.00 and restitution of $150,896.57. This appeal followed.

## II.    DISCUSSION

Collier argues that there was insufficient evidence to support the district court's upward departures in this case and that the extent of the departures was unreasonable. We disagree. The district court appropriately calculated Collier's sentence under the guidelines, which are now advisory in the wake of United States v. Booker, 125 S. Ct. 738, 757 (2005). The district court clearly set forth its reasoning in departing upward, noting Collier's nineteen convictions over a short period of time, two prior crimes of violence, escape charges, and his failure to properly conform his conduct to community supervision while out on supervised release, among other things. The court properly considered the substantial harm to the victims of Collier's crimes, recognizing that Collier stole the identity of one victim twice and noting that the guidelines do not adequately address the pain and misery experienced by those whose identities are stolen. In the face of this evidence, we cannot say that the court clearly erred. United States v. Moore, 242 F.3d 1080, 1081 (8th Cir. 2001) ("Application of the sentencing guidelines is reviewed de novo, but factual determinations are reviewed for clear error.")

Collier's remaining arguments concern his testimony regarding relevant conduct and the district court's use of that testimony. On appeal, for the first time, he

argues that under <u>Blakely</u>[3] his sentence was unconstitutional because enhancements were based on judge-tried facts concerning relevant conduct that were not determined by a jury beyond a reasonable doubt. At sentencing, Collier withdrew all of his objections to the PSR and gave "lengthy and detailed" testimony regarding all relevant conduct contained in the PSR. He notes that the judge required nothing less than a complete confession to all of the relevant conduct in order to make his determination concerning possible credit for acceptance of responsibility. Here, there is no Sixth Amendment violation. Collier chose to testify and admitted the facts upon which the court imposed sentence.

And, the court did not clearly err in denying Collier a reduction for acceptance of responsibility. <u>United States v. Patten</u>, 397 F.3d 1100, 1104 (8th Cir. 2005). As noted above, the court determined that Collier's testimony was not so much an "acceptance" of his acts, but rather an attempt to minimize his involvement in the relevant conduct. The record supports that conclusion and we leave it undisturbed.

The district court did err, however, by applying the guidelines as mandatory. But, because Collier did not raise this issue below, he does not get a new sentencing hearing unless (1) there was error, (2) the error was plain, (3) the error affected his substantial rights, and (4) we find that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. <u>United States v. Pirani</u>, 406 F.3d 543, 550 (8th Cir. 2005) (en banc). There was no such error here because Collier cannot establish a "reasonable probability" that he would have received a more favorable sentence had the court considered the guidelines advisory. <u>Id.</u> at 553.

---

[3]<u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).

## III.  CONCLUSION

For the reasons stated herein, we affirm.

_____