# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1432

_____

United States of America,            *
                                     *
        Plaintiff - Appellee,        *
                                     *    Appeal from the United States
v.                                   *    District Court for the
                                     *    Western District of Missouri.
Anthony Allen Collier,               *
                                     *
        Defendant - Appellant.       *

_____

Submitted:  September 24, 2009
Filed:  November 6, 2009

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

LOKEN, Chief Judge.

Anthony Allen Collier pleaded guilty to bank fraud, fraudulent use of identification, and fraudulent use of a social security number in violation of 18 U.S.C. §§ 1344 and 1028(a)(7), and 42 U.S.C. § 408(a)(7)(B).  The district court sentenced him to 100 months in prison, applying the 2002 version of the then-mandatory Sentencing Guidelines and departing upward by four offense levels because Collier caused his victims substantial harm and his criminal history category VI underrepresented the seriousness of his prior crimes.  Collier appealed, arguing, *inter alia*, that the district court erred in treating the Guidelines as mandatory under the supervening decision in United States v. Booker, 543 U.S. 220 (2005).  We affirmed,

concluding that the district court did not commit plain <u>Booker</u> error.  <u>United States v.</u> <u>Collier</u>, 413 F.3d 858, 861 (8th Cir.), <u>cert. denied</u>, 546 U.S. 1010 (2005).

Collier then filed a motion for post-conviction relief under 28 U.S.C. § 2255 arguing, *inter alia*, that his trial attorney was prejudicially ineffective in failing to object to the district court applying the 2002 version of the Guidelines, which post-dated all of Collier's offenses.  The district court denied the motion, and we denied a certificate of appealability.  Collier petitioned for a writ of certiorari, and the Solicitor General urged the Supreme Court to vacate our denial of a certificate of appealability because the 2000 version of the Guidelines should have been applied and would have resulted in a lower Guidelines range.  The Supreme Court granted certiorari and remanded "in light of the position asserted by the Solicitor General." <u>Collier v. United States</u>, 128 S. Ct. 867, 867 (2008).  We promptly remanded, directing the district court to resentence "using the [correct] version of the Federal Sentencing Guidelines Manual."  On remand, the district court[1] applied the 2000 version of the Guidelines and resentenced Collier to 88 months in prison.  He appeals, arguing that the district court committed procedural errors in applying the advisory Guidelines and erred in refusing to run the federal sentence concurrently with the undischarged term of a Kansas state court sentence Collier was then serving. We affirm.

## I.

At resentencing, the district court determined Collier's base offense level and enhancements under the 2000 Guidelines and then applied the same upward departures it applied in determining the initial sentence.  This resulted in a revised Guidelines range of 77 to 96 months.  Collier does not appeal these determinations.

---

[1]The HONORABLE DEAN WHIPPLE, United States District Judge for the Western District of Missouri.

Rather, he argues that the district court committed procedural error by treating the Guidelines as mandatory and by failing to consider the statutory § 3553(a) sentencing factors. These issues were waived, and not merely forfeited, in the district court. See United States v. Olano, 507 U.S. 725, 732-34 (1993). At the start of the hearing, Judge Whipple defined the task at hand:

> The way I see this, the only thing I have to do is to apply the 2000 version of the Guidelines to this case. We've had a hearing, I've made my findings on denial and acceptance of responsibility, I've made my ruling that I'm going to depart, and if I'm wrong, please tell me.

Defense counsel replied, "I think that's correct." Because we rejected on direct appeal a contention it was plain error to apply the Guidelines as mandatory, and because our remand instructed the court to resentence using the correct version of the Guidelines, this response waived any claim that more was required procedurally.

Even if these contentions were not waived, our review is for plain error. United States v. Vaughn, 519 F.3d 802, 804 (8th Cir. 2008), cert. denied, 129 S. Ct. 998 (2009). We find none. After the district court announced it would adhere to its prior enhancement and upward departure determinations, its request that the parties recommend sentences "within [the Guidelines] range" did not, without more, demonstrate that the court had forgotten that the Guidelines are now advisory. Nor do we require a district court "to mechanically recite the § 3553(a) factors when, as here, it is clear from the record that the court properly considered those factors." United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009); see United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir.), cert. denied, 129 S. Ct. 2452 (2009). Finally, our conclusion on direct appeal that "Collier cannot establish a 'reasonable probability' that he would have received a more favorable sentence had the court considered the guidelines advisory," Collier, 413 F.3d at 861, applies to the resentencing as well.

Collier further argues that the district court committed procedural error by failing to adequately explain the reasons for the sentence it imposed. We disagree. At the conclusion of the initial sentencing hearing, the court explained at length why it was imposing a substantial upward departure. At the resentencing, the court explained that it had reviewed the prior transcript and the presentence report "in detail" and was "departing on . . . the same basis as I did before." These explanations, viewed in their entirety, were sufficient. Compare United States v. Rogers, 423 F.3d 823, 827-28 (8th Cir. 2005).

## II.

In a pro se supplemental brief, Collier argues that, under U.S.S.G. § 5G1.3(b), the district court erred in not making his federal sentence run concurrently with the undischarged term of a Kansas state sentence for a similar fraud offense. This contention is without merit for multiple reasons. First, it is procedurally barred. At the initial sentencing, Collier and defense counsel urged the district court to credit time served on the Kansas sentence against this federal sentence because the conduct underlying the state sentence was relevant conduct in determining the federal sentence. The district court denied the request. Collier did not raise the issue on direct appeal. Therefore, he may not obtain § 2255 relief unless he can show cause and prejudice excusing this procedural default. See United States v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993). He has made no such showing.

Second, Collier now argues for a sentence concurrent with "the undischarged term" of the Kansas sentence under § 5G1.3(b). But at both sentencing hearings, he asked the district court for a sentence credit, not for concurrent sentences, no doubt because he advised the court at the first hearing that he had only one more month to serve on the Kansas sentence. At that hearing, defense counsel explicitly advised the court, "I'm not asking for concurrent sentence with the state sentence. I'm just asking for credit for time served." Thus, the concurrent sentence issue was waived.

Third, Collier's concurrent sentences argument fails on the merits. He relies on § 5G1.3(b) of the 2000 Guidelines, which *required* a federal court to impose a concurrent sentence only if the conduct underlying an undischarged sentence was "fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b) (2000). Collier concedes the conduct underlying his Kansas sentence was not fully taken into account in determining his federal sentence. He argues that the 2000 version of § 5G1.3(b) nonetheless applied because that conduct *could have* qualified as relevant conduct. We squarely rejected this contention in United States v. Shafer, 429 F.3d 789, 791-92 (8th Cir. 2005). Thus, *if* Collier had requested concurrent sentences, the district court would have had discretion to impose concurrent or consecutive sentences under § 5G1.3(c) (2000).

Fourth, *if* Collier had appealed the district court's denial of his request for a sentence credit, the contention would have been rejected on direct appeal as contrary to 18 U.S.C. § 3585(b) as construed in United States v. Wilson, 503 U.S. 329 (1992).

The judgment of the district court is affirmed.

_____