In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-3527

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

LERVON L. CAMPBELL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 09-CR-78—**Lynn Adelman**, *Judge.*

ARGUED APRIL 27, 2010—DECIDED AUGUST 17, 2010

Before ROVNER, WILLIAMS, and SYKES, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Lervon Campbell pled guilty to being a felon in possession of a firearm and received a fifteen-year mandatory minimum sentence. At the time he was sentenced, Campbell had served approximately nine months of an unrelated state sentence after his supervised release had been revoked due to his arrest on the federal charges. The district court imposed Campbell's federal sentence to run concurrently with the re-

mainder of that state sentence, but did not credit the nine months he had already served, believing that U.S.S.G. § 5G1.3(c) did not give it the authority to do so. Campbell appeals, arguing that the district court erred in concluding that it lacked the authority to impose his federal sentence "fully" concurrently with his state sentence. Because the district court had the discretion to adjust Campbell's sentence to take into account the time he had served on his undischarged state term, we vacate his sentence and remand for resentencing.

## I.  BACKGROUND

On December 29, 2008, Milwaukee police officers executing a search warrant at Campbell's home discovered powder cocaine, crack cocaine, and marijuana, and saw Campbell attempt to throw a gun out of his bedroom window. At the time, Campbell was on supervised release for prior unrelated Wisconsin state convictions. As a result of the new arrest, the state of Wisconsin revoked his supervised release and ordered Campbell to serve three years in prison on the state offenses.

Campbell pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced in federal court on August 31, 2009, by which time he had served approximately nine months of his state term. Campbell acknowledged that he qualified as an armed career criminal under 18 U.S.C. § 924(e), subjecting him to a fifteen-year mandatory minimum sentence. Campbell's guidelines range was 188 to 235 months, but the district court concluded that the

statutory minimum was appropriate and ordered the fifteen-year sentence to run concurrently with the remainder of his three-year state term.

Campbell asked the court to adjust his federal sentence to take into account the nine months that he had already served, so that his federal term would be run effectively "fully" concurrent to his state sentence. The district court indicated that it was not opposed to doing so, but denied the request after concluding that it lacked the authority to do so. The court reasoned that while U.S.S.G. § 5G1.3(b) would permit a downward adjustment, Campbell's situation fell under § 5G1.3(c), which did not. Section 5G1.3(b) states that the district court should adjust a federal sentence to account for any period of imprisonment already served on a state term, when the state sentence results from an offense that was relevant conduct to the federal offense of conviction and led to an increase in the defendant's offense level. Section 5G1.3(c), which applies to cases (like Campbell's) in which a defendant was on supervised release at the time of the instant offense and had it revoked, provides that a sentence may be imposed to run "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). Unlike § 5G1.3(b), however, § 5G1.3(c) does not authorize a downward adjustment. An application note provides that, with the exception of extraordinary cases, "[u]nlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served

on the undischarged term of imprisonment." U.S.S.G. § 5G1.3, cmt. 3(E).

The district court, after receiving supplemental briefing from the parties, concluded that it had no authority to grant an adjustment in a § 5G1.3(c) situation such as Campbell's, and denied the request. Campbell appeals.

## II. ANALYSIS

Title 18, section § 3584 of the United States Code gives a district court the discretion to impose a term of imprisonment either concurrently or consecutively to a prior undischarged term, taking into consideration the factors enumerated in 18 U.S.C. § 3553(a). The guideline at issue in this case is U.S.S.G. § 5G1.3, which governs the imposition of a sentence that is subject to another undischarged term of imprisonment.

The district court was correct in noting that subpart (b) of § 5G1.3 expressly authorizes a downward adjustment of a sentence to take into account a period already served on an undischarged term of imprisonment, while subpart (c) does not. But the district court erred in concluding that this distinction in the guideline *limits* its exercise of discretion. Although § 5G1.3 expresses the Sentencing Commission's views about how a court's § 3584 sentencing discretion should be exercised, it does not restrict that discretion after *United States v. Booker*, 543 U.S. 220 (2005). Post-*Booker*, "a debate about how much discretion the Guidelines themselves confer has the air of the scholastic." *United States v. Bangsengthong*, 550 F.3d

681, 682 (7th Cir. 2008). Section 5G1.3 is an informative, but not binding, articulation of a court's power to impose a sentence concurrently or consecutively under § 3584.

Nor does the § 924(e)(1) mandatory minimum to which Campbell is subject preclude the sentence adjustment he seeks. Section 924(e)(1) says that a defendant must "*be imprisoned* . . . not less than fifteen years," 18 U.S.C. § 924(e)(1) (emphasis added). We have on two occasions held that this requirement is satisfied so long as a defendant's *total* period of incarceration, state and federal combined, equals or exceeds the statutory minimum.

First, in *United States v. Ross*, 219 F.3d 592, 594-95 (7th Cir. 2000), we held that under § 5G1.3(b) a district court could impose a sentence below the § 924(e)(1) mandatory minimum to account for time served on a related undischarged sentence, so long as the defendant's total period of state and federal imprisonment equaled the statutory minimum. There, the defendant broke into an Indiana home and stole a handgun, leading to federal charges relating to possession of a firearm and state charges of residential burglary. *Id.* at 593. By the time the defendant was sentenced in federal court, he had served 34 months of the sentence for his state burglary conviction. *Id.* at 594. Ross faced a fifteen-year mandatory minimum sentence as an armed career criminal under § 924(e)(1), and the district court sentenced him to 188 months. *Id.* Ross asked the court to sentence him to 154 months to take into account the 34 months he had already served on the related state conviction, but the

court declined to do so and instructed the Bureau of Prisons to credit him the time instead. *Id.* On appeal, we vacated the sentence, holding that the judge could adjust the defendant's federal sentence downward under § 5G1.3(b), so long as the total time served in state and federal custody was not lower than the federal statutory minimum. *Id.* at 594-95. We concluded that § 924(e) "does not specify any particular way in which that imprisonment should be achieved," *id.* at 595, and thus:

> The computation of the total term of imprisonment for purposes of § 924(e) may, consistently with Application Note 2 to § 5G1.3, be accomplished by adding up the number of months the defendant has served on the related conviction and the number of months assessed in the federal judgment. The total must equal or exceed the statutory mandatory minimum of 180 months.

*Id.* To hold otherwise, we concluded, would be to "exalt form over substance." *Id.* at 594. We noted that giving a credit in this manner "is not a departure from the guideline range [which would be prohibited except under 18 U.S.C. §§ 3553(e) or (f)]; it is simply another way of achieving the required period of imprisonment." *Id.* at 595.

More recently, in *United States v. Cruz*, 595 F.3d 744, 746 (7th Cir. 2010), we reaffirmed *Ross*'s interpretation of § 924(e). We confirmed *Ross*'s conclusion that a judge applying § 924(e) "could deduct that number of months from the federal sentence as long as the combined length of the state and federal prison sentences was not less than the federal statutory minimum." *Id.* (contrasting

mandatory minimum language in § 924(e) with that in 21 U.S.C. § 841(b)(1)(A)). Other circuits have similarly interpreted § 924(e). *See, e.g., United States v. Drake*, 49 F.3d 1438, 1440-41 (9th Cir. 1995); *United States v. Kiefer*, 20 F.3d 874, 876-77 (8th Cir. 1994).

The fact that *Ross* involved § 5G1.3(b) and not § 5G1.3(c) does not limit *Ross'*s applicability to this case. It is § 3584 that gives a sentencing court the discretion to impose a concurrent sentence, taking into consideration the factors set forth in § 3553(a). 18 U.S.C. § 3584(b). Section 5G1.3 is advisory, and thus its distinction between subsections (b) and (c) is informative in, but not binding on, the way a district court exercises its § 3584 discretion. And clearly, *Ross'*s interpretation of § 924(e) does not depend on the applicability of a specific guideline. So, contrary to its conclusion at sentencing, the district court had the discretion to adjust Campbell's sentence to account for the time he had served on his state revocation.

Of course, the question of whether the court has this discretion is distinct from the question of how it should be exercised. The time for which Campbell seeks credit is from a prison term for conduct wholly unrelated to that underlying his federal sentence, and the argument can be made that adjusting his term for that time provides him with something of a windfall. Subsections (b) and (c) of § 5G1.3 reflect a sensible policy distinction between treatment of undischarged terms of imprisonment that involve relevant conduct to the instant offense, and those that do not. On remand, should the district court decide to make the adjustment Campbell seeks, its

reasons for doing so should be articulated in light of the § 3553(a) factors and the policy considerations set forth in § 5G1.3. If the district court disagrees with the methodology set forth in § 5G1.3—which it necessarily will be doing if it grants the adjustment—an adequate explanation to "allow for meaningful appellate review and to promote the perception of fair sentencing" should be given. *Gall v. United States*, 552 U.S. 38, 50 (2007); s*ee also United States v. Plantan*, 102 F.3d 953, 956 (7th Cir. 1996) (court has "significant discretion to impose a sentence which provides for a reasonable incremental punishment given the facts of the case, so long as it states its reasons for doing so.").

## III. CONCLUSION

Campbell's sentence is VACATED and the case is REMANDED for resentencing.