In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-1374

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PEDRO HERNANDEZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 CR 832—**Wayne R. Andersen**, *Judge.*

SUBMITTED AUGUST 23, 2010*—DECIDED SEPTEMBER 2, 2010

Before WOOD, EVANS, and TINDER, *Circuit Judges.*

WOOD, *Circuit Judge.* Pedro Hernandez pleaded guilty to one count of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). At the time he did so, he had already been convicted in

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

Illinois state court for an unrelated offense, unlawful possession of a firearm. At the time of his federal sentencing, Hernandez had served 18 months on his state sentence; Hernandez asked the district court to run his federal sentence concurrently with his state sentence. The federal offense was subject to a 10-year statutory minimum, and so Hernandez made clear that he was asking for a nominal federal sentence of 102 months. That sentence, he said, coupled with the 18 months he had already served, would add up to the 120-month term required by § 841(b)(1)(A).

The district court expressed sympathy for Hernandez's request, but held that it did not have the authority to structure the sentence that way. Instead, the court believed, it was required by U.S.S.G. § 5G1.3(c) to impose the full 120 months as part of the federal sentence, because Hernandez's state offense was unrelated to his federal offense. Hernandez appeals, asserting that the district court erred when it concluded that it did not have the legal authority to impose a fully concurrent sentence. He seeks a remand for resentencing.

Hernandez's case is governed by our recent decision in *United States v. Campbell*, No. 09-3527, 2010 WL 3221830 (7th Cir. Aug. 17, 2010). The defendant in *Campbell* had been convicted of a violation of 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm; as an armed career criminal, he was subject to a 15-year mandatory minimum sentence. See 18 U.S.C. § 924(e). The district court concluded that the 15-year term was appropriate; the statutory minimum sentence was below Campbell's

advisory guidelines range. At that point, Campbell asked the court to adjust his federal sentence to take into account the nine months he had already served on an unrelated state conviction. Believing that it had no authority to do so under U.S.S.G. § 5G1.3(c), the district court denied Campbell's request.

On appeal, we concluded that the district court had misapprehended its discretion. We pointed out that the governing statute for these purposes is 18 U.S.C. § 3584(a), which "gives a district court the discretion to impose a term of imprisonment either concurrently or consecutively to a prior undischarged term, taking into consideration the factors enumerated in 18 U.S.C. § 3553(a)." *Campbell*, 2010 WL 3221830 at *2. The relevant sentencing guideline is, as the district court noted, section 5G1.3, which is divided into three parts. Campbell had not committed his offense while serving a term of imprisonment or after sentencing but before beginning to serve a term for a different offense, and so § 5G1.3(a) did not apply to his case. Nor did § 5G1.3(b) apply to his case, because it is limited to other offenses that qualify as relevant conduct under U.S.S.G. § 1B1.3 for the offense of conviction. Instead, Campbell's case was governed by § 5G1.3(c), which reads as follows:

> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

This language, we held, does not and cannot detract from the discretion that § 3584 confers on district courts to choose a concurrent sentence. The fact that § 5G1.3(b) is more specific about adjustments for undischarged terms of imprisonment means only that the guidelines take a more specific position on that situation than they do for cases involving unrelated conduct. Following the guidance of *United States v. Ross,* 219 F.3d 592 (7th Cir. 2000), we concluded that "a district court could impose a sentence below the § 924(e)(1) mandatory minimum to account for time served on a related undischarged sentence, so long as the defendant's total period of state and federal imprisonment equaled the statutory minimum." *Campbell*, 2010 WL 3221830 at *2. We remanded Campbell's case to give the district court an opportunity to decide whether Campbell should be sentenced to 171 months—a term that, along with the nine months he had served on his state sentence, would add up to the mandatory minimum of 180 months (15 years).

The only difference between Campbell's case and Hernandez's case is the offense of conviction. Hernandez faces a mandatory minimum of 10 years for his drug conviction, while Campbell faced a mandatory minimum of 15 years because of his armed career criminal status. That detail has no bearing on the rationale of our decision in *Campbell.* Although we speculated in our recent decision in *United States v. Cruz*, 595 F.3d 744, 746 (7th Cir. 2010), that the operative mandatory sentencing language in the statute at issue in this case might be less flexible than the statute at issue in *Campbell* and *Ross*, now that the question is squarely before us we

find the linguistic difference irrelevant. The statute under which Hernandez was sentenced, 21 U.S.C. § 841(b)(1)(A), provides the offender "shall be sentenced," while the sentencing statute in *Campbell*, 18 U.S.C. § 924(e), provides violators "shall be . . . imprisoned." To permit this slight difference in wording to alter the outcome in this case would "exalt form over substance," subverting the spirit of *Ross*. See *Ross*, 219 F.3d at 594. We conclude, therefore, that Hernandez's sentence must be vacated and his case returned to the district court for resentencing. We note in this connection that the original district court judge has now retired from his post, and thus the case will be assigned to a different judge. The new judge, however, should take note of the original judge's clear signal that he would have been open to fully or partially concurrent sentences if he had the necessary authority. As we noted earlier, at the time of the original hearing, Hernandez had served 18 months on his state sentence, and so he was seeking a federal sentence of 102 months. The parties will be free to argue on remand what additional adjustments, if any, they believe are appropriate as a result of the passage of time and any credit Hernandez has already received on his federal sentence.

VACATED AND REMANDED.