NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 9, 2011[*]
Decided February 17, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-2293

| | |
|---|---|
| O'NEAL WOODS, <br> *Petitioner-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:09-cv-01307-MMM |
| DENNIS SMITH, Warden <br> *Respondent-Appellee.* | Michael M. Mihm, <br> *Judge.* |

### O R D E R

O'Neal Woods, an inmate housed at the Federal Correctional Institution in Pekin, Illinois, appeals the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241. Mr. Woods seeks to be immediately released, contending that his sentences for possession with intent to distribute cocaine base, *see* 21 U.S.C. § 841(a)(1), armed bank robbery, *see* 18

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

U.S.C. § 2113, and carrying a firearm in relation to a crime of violence, *see* 18 U.S.C. § 924(c)(1), ran concurrently, not consecutively, and that he has served his term of imprisonment. We affirm.

In 1995, Mr. Woods was indicted, convicted and sentenced in two protracted criminal proceedings. He was first indicted for possession with intent to distribute cocaine base (No. 95-CR-187). One week later he was indicted anew for both armed bank robbery and a firearm offense (No. 95-CR-194). Mr. Woods was subsequently convicted by a jury on the cocaine-possession charge. He entered into a plea agreement whereby the government agreed to recommend concurrent sentences on both indictments. But Mr. Woods nullified that agreement by withdrawing his pleas. Judge Stadtmueller then imposed a 175-month sentence on the possession charge (later reduced to 140 months under 18 U.S.C. § 3582(c)(2)). Mr. Woods was then convicted by another jury and sentenced on the armed bank robbery and firearm charges, for which Judge Randa imposed a 170-month sentence, to run consecutively to the sentence in case no. 95-CR-187. The Bureau of Prisons combined these sentences into a 310-month sentence, *see* 18 U.S.C. § 3621(a).

Mr. Woods petitioned for relief under § 2241, asserting that the sentences from case nos. 95-CR-187 and 95-CR-194 ran concurrently, not consecutively, and that he should be released because he has served more than 170 months. He maintained that the sentence imposed in case no. 95-CR-187 encompassed the counts in case no. 95-CR-194, which resulted in his being sentenced twice for the same crimes. He also contended that U.S.S.G. § 5G1.2, the guideline for sentencing on multiple counts of conviction, requires that his sentences be deemed concurrent. Judge Mihm denied the petition, finding that the sentence in case no. 95-CR-187 encompassed only the conviction for possession and that the sentences were consecutive. Mr. Woods sought reconsideration, which Judge Mihm again denied.

We first note that Section 2241 confers habeas jurisdiction over Mr. Woods's petition that challenges the execution of his sentences and requests release from confinement. While 28 U.S.C. § 2255 applies to challenges to the validity of convictions and sentences, § 2241 applies to challenges to the fact or duration of confinement. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

On appeal, Mr. Woods argues that Judge Mihm misunderstood the factual basis of his argument. He seems to believe that Judge Stadtmueller did not set aside his guilty pleas for the armed robbery and firearm offenses, and that he was wrongly sentenced for all the counts cumulatively. As Judge Mihm twice pointed out, Mr. Woods is mistaken. Mr. Woods chose to withdraw the guilty pleas and to have the bank robbery and firearm charges tried. Judge Stadtmueller honored that request, setting aside the pleas and

imposing a 175-month sentence in case no. 95-CR-187 for the sole count in that case, the cocaine-possession charge.

Mr. Woods next contends that the imposition of consecutive sentences violates U.S.S.G. § 5G1.2, which requires concurrent sentences "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment." He asserts that "total punishment" was achieved through his sentence for the possession count. But as Judge Mihm explained, § 5G1.2 does not apply to this situation, where the defendant was sentenced in different cases for different conduct in different sentencing proceedings. *See* U.S.S.G. § 5G1.2(c), cmt. n.1; *United States v. Spells*, 537 F.3d 743, 755 (7th Cir. 2008); *United States v. Maggi*, 44 F.3d 478, 481 (7th Cir. 1995). Indeed, the relevant statute provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a); s*ee United States v. Campbell*, 617 F.3d 958, 960 (7th Cir. 2010). Judge Randa was explicit when pronouncing sentence in case no. 95-CR-194, "This sentence shall run consecutively to the sentence in Case No. 95-CR-187 . . . ."

We AFFIRM the judgment of the district court.