**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2011
Decided June 17, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-2539

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CR-7 |
| DEMETRIUS E. JEFFERSON, *Defendant-Appellant.* | C. N. Clevert, Jr., *Chief Judge.* |

**O R D E R**

Appointed counsel for Demetrius Jefferson moves to withdraw on the ground that this direct criminal appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Jefferson has not responded to counsel's submission. *See* CIR. R. 51(b). We have reviewed the potential issues identified by counsel, *see United States v. Schuh*, 289 F.3d 986, 973-74 (7th Cir. 2002), and agree that Jefferson's appeal is frivolous.

Acting on a tip from Jefferson's live-in girlfriend, police in Milwaukee, Wisconsin, executed a search warrant at their apartment and found Jefferson in the bedroom with 64 grams of crack, a loaded handgun, two digital scales, and a box of sandwich bags. Two more loaded handguns were found in a spare bedroom at his mother's home, for which he had a key. All three guns were stolen. Jefferson told police that his girlfriend was lying about their relationship (he said she was a cousin), and he denied possessing the crack and

three guns. Local authorities jailed Jefferson pending revocation of his state supervision for drug and gun convictions, and the new violations were referred to federal prosecutors.

A federal grand jury indicted Jefferson in January 2009, and in February he appeared in federal court for arraignment pursuant to a writ of habeas corpus *ad prosequendum*, that is, on "loan" from Wisconsin authorities. *Flick v. Blevins*, 887 F.2d 778 (7th Cir. 1989). Jefferson was at some point returned to state custody and a Wisconsin judge revoked Jefferson's supervision in October 2009, ordering him to serve a total of 42 months in prison. Meanwhile, federal prosecutors agreed to dismiss the pending crack and gun charges (which carried *statutory* minimums totaling 20 years) in exchange for Jefferson's guilty plea to a one-count information charging that shortly before his arrest he attempted to possess a kilogram of marijuana with the intent to distribute it, *see* 21 U.S.C. §§ 846, 841(a)(1). The maximum penalty for that charge was 10 years because of Jefferson's prior drug convictions, *see id.* §§ 841(b)(1)(D), 851, but the district court—with the government's acquiescence—excluded from relevant conduct the cocaine and the guns in calculating a total offense level of just 21. That figure, coupled with Jefferson's criminal history category of VI, yielded a guidelines imprisonment range of 77 to 96 months. The court then sentenced Jefferson to 68 months, explaining that the 9-month reduction compensated for his time in state custody between the revocation of his supervision in October 2009 and his federal sentencing in June 2010. The district court also ran the federal term concurrently with Jefferson's state imprisonment.

Jefferson filed a pro se notice of appeal and then wrote this court saying he intended to argue that the district court should have reduced his prison term by another 7 months. He maintains that he entered federal custody when he made his initial appearance in February 2009 and should have been "credited" for every day after that. Jefferson's letter prompted his appointed lawyer to file a motion to voluntarily dismiss the appeal, which we held in abeyance while counsel sought Jefferson's consent to dismissal. *See* CIR. R. 51(f). When Jefferson did not consent, counsel abandoned that motion and instead moved to withdraw under *Anders*. Jefferson does not seek to challenge his guilty plea, *see United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002), and counsel reasons that pursuing the appeal would be "foolhardy" because Jefferson's prison sentence is reasonable and, counsel insists, the request for additional presentence credit should be addressed to the district court in a motion "to correct" his sentence.

Counsel first questions whether Jefferson could challenge the reasonableness of his prison sentence. But the term is not only below the imprisonment range calculated by the district court, it is well below the actual range. In arriving at a total offense level of 21, the district court ignored conduct that is obviously relevant: the crack and guns, which even the district court characterized as part of Jefferson's conduct "in this case." *See* U.S.S.G. § 1B1.3.

Jefferson refused to accept responsibility for this conduct, so the imprisonment range should have been 210 to 262 months, subject to the 10-year statutory maximum, as recommended by the probation officer in his report. The court further deviated from the guidelines by running Jefferson's federal sentence concurrently with, rather than consecutively to, his state imprisonment imposed for the revocation, *see* U.S.S.G. § 5G1.3 cmt. n.3(C), and by reducing his prison term to credit him for time already "served in the state institution on the revocation." His sentence is thus exceedingly lenient and presumed reasonable, *see United States v. Curb*, 626 F.3d 921, 927 (7th Cir. 2010); *United States v. Jackson*, 598 F.3d 340, 345 (7th Cir.), *cert. denied*, 131 S. Ct. 435 (2010), and counsel has not identified any basis to set aside that presumption, nor have we. Looking to 18 U.S.C. § 3553(a), the district court balanced the "need to protect the public from drug dealers and drug dealing" against its belief that Jefferson could become a productive member of society based on his achievement of a General Equivalency Diploma and his commendable performance of prison work assignments. We therefore agree with counsel that a reasonableness challenge would be frivolous.

Having said all of that, we add one further observation. Counsel asserts that Jefferson should go back to the district court and file a motion "to correct sentence" asking for additional presentence credit. Counsel is wrong. The district court would be powerless to grant such a motion, *see* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 332-36 (1992); *United States v. Gibbs*, 626 F.3d 344, 349 (6th Cir. 2010); *United States v. Setser*, 607 F.3d 128, 132-33 (5th Cir. 2010); *United States v. Collier*, 585 F.3d 1093, 1097 (8th Cir. 2009); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000), and, indeed, it appears that the district court already committed error (in Jefferson's favor—which the government does not appeal) in shaving 9 months off what it thought was the appropriate sentence. The court may have intended to reduce Jefferson's sentence to make it "fully" concurrent to his unrelated, undischarged state imprisonment, as described in *United States v. Hernandez*, 620 F.3d 822, 823-24 (7th Cir. 2010), and *United States v. Campbell*, 617 F.3d 958, 961-62 (7th Cir. 2010), but, if so, the court failed to explain the reduction and its basis for disregarding the Sentencing Commission's recommendation that a sentence for new criminal conduct be imposed consecutively to any existing prison term imposed for revocation of supervision, *see id.* at 962.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.