NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2011[*]
Decided June 30, 2011

**Before**

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1752

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:08-cr-00832-1 |
| PEDRO HERNANDEZ, | |
| *Defendant-Appellant.* | Amy J. St. Eve, *Judge.* |

**O R D E R**

_____

[*]After an examination of the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

This is defendant Pedro Hernandez's second appeal of his sentence for the distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Hernandez pleaded guilty and originally received the mandatory minimum sentence of 120 months. At the time of his plea, he already had been convicted in Illinois state court for an unrelated state offense, unlawful possession of a firearm. At the time of his federal sentencing, Hernandez had served 18 months on the latter conviction. Hernandez asked the district court to run his federal sentence concurrently with his state sentence. The judge could accomplish this by ordering only an additional 102 months in prison; that term, stacked with the 18 months he had already served on the state offense, would add up to the 120-month mandatory minimum required by § 841(b)(1)(A).

Believing that it did not have the authority to structure the sentence as Hernandez desired, the district court denied his request. Hernandez then appealed to this court. Citing our decision in *United States v. Campbell*, 617 F.3d 958 (7th Cir. 2010), we held that 18 U.S.C. § 3584 confers upon a district court the authority to impose a sentence below the § 841(b)(1)(A) mandatory minimum to account for time served on an unrelated undischarged sentence, so long as the defendant's total period of state and federal imprisonment equaled the statutory minimum. We therefore vacated the sentence and remanded for further proceedings.

By the time of the remand, Hernandez had served another 14 months on the state sentence. The district court was persuaded to exercise its discretion in accordance with Hernandez's wishes; it thus sentenced him to 88 months imprisonment, which was the time now needed to reach the total of 120 months.

Hernandez, nonetheless, has brought a new appeal to this court. He now argues that he is entitled to be re-sentenced in accordance with the Fair Sentencing Act of 2010, which took effect after his trial. The FSA increased the quantities of crack cocaine required to trigger the  mandatory maxima and minima stipulated by the statute. Hernandez argues that these more lenient rules should apply to defendants (like him) who committed the charged offense prior to the passage of the FSA but were sentenced after the FSA's enactment. We addressed and rejected precisely this argument in *United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011), *reh'g en banc denied*, —F.3d — 2011 WL 2022959 (7th Cir. May 25, 2011) ("[W]e reaffirm our finding that the FSA does not apply retroactively, and further find that the relevant date for a determination of retroactivity is the date of the underlying criminal conduct, not the date of sentencing.").

We see no reason to upset such a recent and thorough look at the question. Hernandez has done what he needed to do to preserve this question for further review.

AFFIRMED.