**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 5, 2012[*]
Decided June 8, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-3523

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CR-7 |
| DEMETRIUS E. JEFFERSON, <br> *Defendant-Appellant.* | C. N. Clevert, Jr., <br> *Chief Judge.* |

**O R D E R**

Demetrius Jefferson challenges the denial of his postjudgment request for a reduced prison term. This is not the first time we have addressed Jefferson's contentions. *See United States v. Jefferson*, 427 F. App'x 519 (7th Cir. 2011). Last year, Jefferson filed a direct appeal from his below-range prison sentence of 68 months for attempting to possess marijuana for

---

[*] This appeal is successive to case no. 10-2539 and has been submitted to this panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C).

distribution. *See* 21 U.S.C. §§ 846, 841(a)(1). The sentencing judge had shortened Jefferson's presumptive prison term by 9 months to compensate for time spent in state custody between his arrest by local officials in October 2009 (related to a revocation of his state supervision for drug and gun convictions) and his federal sentencing in June 2010. Jefferson wanted to argue that the court should have reduced his prison term by another 7 months; he insisted that he entered federal custody in February 2009—when he appeared in federal court on a writ of habeas corpus *ad prosequendum* for his initial appearance—and should have been "credited" for every day after that.

Jefferson's appointed lawyer concluded that any appellate claim would be frivolous and moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). In his submission, counsel suggested that, instead of making the seven months an issue on direct appeal, Jefferson should go back to the district court and file a motion "to correct" his sentence asking the judge for additional presentence credit. We agreed with counsel that Jefferson's direct appeal was frivolous, in particular because Jefferson had received a prison sentence that is below the imprisonment range calculated by the district court without regard to relevant conduct that should have resulted in a range at the 10-year statutory maximum. Moreover, we expressly rejected counsel's suggestion that Jefferson seek "to correct" his sentence in the district court: We noted that the court would be powerless to grant such a motion because the calculation of presentence credit is left to the Bureau of Prisons, not the district court.

Despite this clear admonition, Jefferson returned to the district court and filed this exact motion, asking the court "to correct" his sentence by giving him additional "credit" for time spent in custody before he was sentenced. In denying this motion, the court relied on our instruction that it would be powerless to grant this request under 18 U.S.C. § 3585(b) and *United States v. Wilson*, 503 U.S. 329, 332–33 (1992). As the government points out, however, Jefferson's motion presents a problem even more fundamental: District courts lack subject-matter jurisdiction to revisit a prison sentence absent exceptions not present here. *See* 18 U.S.C § 3582(b)–(c); *United States v. Lawrence*, 535 F.3d 631, 637 (7th Cir. 2008); *United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006).

Accordingly, the judgment of the district court is MODIFIED to reflect that Jefferson's motion is dismissed for lack of subject-matter jurisdiction, and as modified the judgment is AFFIRMED.