NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2012
Decided October 18, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 11-3096

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-302-008 |
| BOBBY R. WILLIAMS, *Defendant-Appellant.* | J.P. Stadtmueller, *Judge.* |

## O R D E R

While on extended supervision after serving time in Wisconsin for aggravated battery, Bobby Williams distributed heroin for his brother's Milwaukee-based drug ring. Authorities soon broke up the conspiracy and arrested Williams. Shortly afterward a state court revoked his supervision and returned Williams to state prison. Eventually he pleaded guilty to conspiracy to distribute heroin. 21 U.S.C. §§ 846; 841(a)(1). At sentencing for that offense, the district court concluded that Williams is a career offender, *see* U.S.S.G. § 4B1.1, and calculated a guidelines imprisonment range of 188 to 235 months. The court imposed a 120-month term — to run concurrently with the remainder of Williams's imprisonment on the revocation — due to his cooperation with the government. *See* U.S.S.G. § 5K1.1. After the court announced the sentence, Williams argued that he should receive an even lower

term to compensate for the approximately 30 months he had been in state prison since his supervision was revoked; the district court rejected that request.

Williams filed a notice of appeal, but his appointed attorney contends that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Williams opposes counsel's motion. *See* CIR. R. 51(b). We review the potential issues identified in counsel's facially adequate brief and in Williams's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

We note that counsel omits discussion about the change-of-plea hearing but does not say that Williams, after consultation, elected to forgo any challenge to his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Williams is silent about the plea in his Rule 51(b) response, so we might infer that he does not want it set aside. In any event, we are convinced after reviewing the transcript of the plea colloquy that any challenge to the colloquy or the voluntariness of Williams's guilty plea would be frivolous. *See Konczak*, 683 F.3d at 349.

Williams did not move to withdraw his guilty plea in the district court, so he would have to establish plain error to have it overturned on appeal. *See United States v. Franklin*, 547 F.3d 726, 731 (7th Cir. 2008). During the plea colloquy the district court neglected to advise Williams that he had a right to persist in his plea of not guilty, *see* FED R. CRIM. P. 11(b)(1)(B), and that his right to counsel would continue at every stage of the prosecution, *see id.* 11(b)(1)(D). But Williams — who already had pleaded not guilty and had been represented by appointed counsel throughout the proceedings — almost certainly was aware of these rights. *See Knox*, 287 F.3d at 670; *United States v. Lovett*, 844 F.2d 487, 491–92 (7th Cir. 1988). In any case, a plea colloquy is sufficient if it substantially complies with Rule 11, as this colloquy did. *See Konczak*, 683 F.3d at 349; *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997). There is no reason to believe that the district court's minor omissions affected Williams's substantial rights. *See* FED R. CRIM. P. 11(h); *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003).

In his *Anders* submission, counsel identifies only one potential issue: whether the district court erred in refusing a further sentence reduction because of the time Williams had served in state prison after the revocation of his extended supervision. But where a defendant already is incarcerated for unrelated conduct, the district court has discretion to impose a sentence that runs concurrently, partially concurrently, or consecutively to the existing term of imprisonment. *See* U.S.S.G. § 5G1.3(c); *United States v. Padilla*, 618 F.3d 643, 647 (7th Cir. 2010). And the guidelines *recommend* a consecutive sentence when the defendant's commission of the offense of conviction is the very reason his release was

revoked. *See* U.S.S.G. § 5G1.3 cmt. n.3(C). Here, the district court adequately explained its decision to impose the federal sentence concurrently only with the unexpired portion of Williams's state incarceration. The court also recognized that it had discretion to give Williams an even lower sentence to compensate for his state incarceration but was not obligated to do so. *See United States v. Campbell*, 617 F.3d 958, 960–62 (7th Cir. 2010); *United States v. McNeil*, 573 F.3d 479, 484 (7th Cir. 2009). We therefore agree with counsel that an appeal on this point would be frivolous.

In his response to his lawyer's motion, Williams maintains that the district court erred in classifying him as a career offender under § 4B1.1. Williams complains that one of the two crimes supporting his status as a career offender — a 1992 Wisconsin conviction for possessing with intent to deliver crack cocaine — is too old to count as a "prior sentence" under the guidelines. This contention relies on a misreading of the guidelines. A prison sentence of 13 months or more for a controlled substance offense is countable if it was "imposed within fifteen years of the defendant's commencement of the instant offense" *or* "resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1); *see id.* § 4B1.2 cmt. n.3. Williams was sentenced to 57 months' imprisonment for his drug conviction and was paroled in 1994; the conduct underlying the federal charge occurred in 2008, less than 15 years after his release. Therefore, a claim that the district court erroneously counted the cocaine conviction as a predicate offense under § 4B1.1 would be frivolous. *See United States v. Hillsman*, 141 F.3d 777, 778–79 (7th Cir. 1998).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.