NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2013[*]
Decided November 4, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 12-3300 | |
| STEPHEN R. SUSINKA III, <br> *Petitioner-Appellant,* | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 10-1221 |
| PAUL COPENHAVER, <br> *Respondent-Appellee.* | Joe Billy McDade, <br> *Judge.* |

**O R D E R**

Federal inmate Stephen Susinka petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2241, asserting that the Bureau of Prisons has miscalculated his release date by not crediting him for time served on what he calls a "fully concurrent" state sentence. Because Susinka is actually attempting to relitigate a sentencing argument that he lost on direct appeal, we affirm the district court's denial of his petition.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Susinka was convicted in 2009 for his role in a racketeering conspiracy, *see* 18 U.S.C. § 1962(d), and sentenced to 20 years in federal prison. At that time he had been in state custody since 2002 on convictions for delivery of cocaine and unlawful use of a firearm. The district court ordered the federal term to run concurrently with Susinka's state sentence, and on direct appeal Susinka argued that the district court had intended the federal and state sentences to be "fully concurrent" to assure that all of the time he already had served in state prison would be counted toward his federal term. *See* 18 U.S.C. § 3584; U.S.S.G. § 5G1.3(c); *United States v. Campbell*, 617 F.3d 958, 960–62 (7th Cir. 2010); *United States v. McNeil*, 573 F.3d 479, 484 (7th Cir. 2009). We disagreed with his interpretation of the district judge's pronouncement and concluded that the judge gave Susinka "both federal and state credit for time served after the federal sentence was imposed, but no more." *United States v. Benabe*, 436 F. App'x 639, 661 (7th Cir. 2011).

Susinka's challenge to the district court's denial of his § 2241 petition rests on the false premise that the sentencing judge, in ordering concurrent sentences, meant for him to be credited with all time served since 2002. We already have explained to Susinka that his understanding of the judge's sentencing intent is wrong, and our conclusion should have been the end of his § 2241 petition.

AFFIRMED.