In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 24-2198

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DION A. BELL,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 22-CR-250-JPS — **J. P. Stadtmueller**, *Judge.*

———————

ARGUED APRIL 23, 2025 — DECIDED JUNE 3, 2025

———————

Before HAMILTON, KIRSCH, and JACKSON-AKIWUMI, *Circuit Judges.*

PER CURIAM. Dion Bell was found guilty of possession of a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). At sentencing, the district court determined that Bell had at least three prior convictions for serious drug offenses and thus was subject to a fifteen-year mandatory sentence as an armed career criminal. *See id*. § 924(e)(1). On appeal, Bell contends that the district court erroneously concluded that it lacked authority to

impose a sentence below the mandatory minimum to account for a discharged state sentence. Because the district court was correct that it lacked such authority, we affirm.

On May l3, 2022, Milwaukee police officers investigating a shooting saw Bell emerge from a residential building with the suspect. Officers obtained a search warrant and discovered several firearms in one of the units of the building. Bell's DNA was found on two of the guns. At the time, Bell was on extended supervision for felony convictions in a prior, unrelated Wisconsin case. (Those felony convictions included possession of narcotic drugs and possession of a firearm as a felon.)

Before Bell was indicted on any federal charges, a Wisconsin court revoked his extended supervision based in part on his new possession of firearms. The state court imposed a two-year term of reimprisonment.

Later, Bell was indicted in federal court for possession of a firearm as a felon, 18 U.S.C. § 922(g)(1). The indictment alleged that because of Bell's prior drug convictions, he qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Following a bench trial, the district court found Bell guilty of possessing a firearm as a felon and determined that he qualified for an enhanced sentence under the ACCA.

While awaiting sentencing in federal court in May 2024, Bell completed his term of reimprisonment in Wisconsin. The parties do not dispute that the state sentence, which did not involve any term of supervision, was discharged at that time.

About one month after the state sentence was discharged, Bell was sentenced in federal court. The district court calculated a guidelines range of 210 to 262 months. The district court concluded that because of Bell's status as an armed career criminal, he was subject to a mandatory minimum sentence of fifteen years.

At the sentencing hearing, the parties disputed whether Bell's two-year state revocation sentence could support an adjustment to Bell's federal prison term below the fifteen-year mandatory minimum. The district court concluded that it lacked authority to impose a sentence below the mandatory minimum. But, the court continued, a sentence of thirteen years would be more appropriate to account for the two years Bell already had served on the state revocation sentence. The court imposed fifteen years' imprisonment and three years' supervised release.

On appeal, Bell asserts that the district court erred in concluding that it lacked authority to impose a sentence below the fifteen-year statutory minimum to account for the two-year state revocation sentence he already had completed. Bell rests his argument on the district court's statutory authority to adjust a sentence under 18 U.S.C. § 3584(a). We review de novo claims of procedural error in sentencing. *United States v. De La Cruz*, 897 F.3d 841, 844 (7th Cir. 2018).

Bell misapprehends the scope of § 3584(a), which applies to defendants facing "multiple terms of imprisonment" or "already subject to an undischarged term of imprisonment." That section gives the district court discretion to impose a concurrent sentence after considering the factors in 18 U.S.C. § 3553(a), which in turn incorporate the Sentencing Guidelines. Under § 3584(a) and § 5G1.3 of the Sentencing

Guidelines, a district judge may adjust a federal sentence be-low a statutory mandatory minimum where the defendant is still serving a related, undischarged state sentence. *See United States v. Campbell*, 617 F.3d 958, 961 (7th Cir. 2010) ("[A] district court could impose a sentence below the § 924(e)(1) mandatory minimum to account for time served on a related undischarged sentence, so long as the defendant's total period of state and federal imprisonment equaled the statutory minimum."); *United States v. Hernandez*, 620 F.3d 822, 824 (7th Cir. 2010) (same for 21 U.S.C. § 841(b)(1)(A)).

A defendant facing federal sentencing who has a prior dis-charged sentence is in a different position. Section 3584(a) does not permit a district court to impose a federal sentence concurrently with an already discharged state sentence, "be-cause there is no concurrent sentence and cannot be one when the defendant is no longer 'subject to an undischarged term of imprisonment.'" *United States v. Cruz*, 595 F.3d 744, 747 (7th Cir. 2010) (quoting 18 U.S.C. § 3584(a)). To be sure, the Sen-tencing Guidelines permit a district court to consider the dis-charged term of imprisonment when it imposes a federal sen-tence. *See* U.S.S.G. § 5K2.23. But a departure under § 5K2.23 cannot bring a federal sentence below a mandatory minimum prescribed by statute. *See Cruz*, 595 F.3d at 746–47.

Bell mistakenly asserts that U.S.S.G § 5G1.3(b) provides the only restriction on making a federal term of imprisonment concurrent to a discharged state term of imprisonment, and because the Guidelines are advisory, it is not a limit on the district court's authority. But the district court's authority to determine how two different sentences interact is determined by § 3584, not the Guidelines. *See Campbell*, 617 F.3d at 960.

Bell attempts to distinguish the holding in *Cruz* by contrasting the language in 21 U.S.C. § 841(b)(1)(A)—the statute at issue in *Cruz*—with 18 U.S.C. § 924(e)(1). The operative language in § 841(b)(1)(A) is that the defendant "shall be sentenced to a term of imprisonment which may not be less than 10 years," whereas § 924(e) provides that offenders must be "imprisoned not less than fifteen years." In Bell's view, since § 924(e) specifies an aggregate term of imprisonment rather than any specific sentence, he does not need a federal minimum sentence to be adjusted, departed from, or deemed concurrent to some other sentence. On that theory, § 3584(a) and its restriction that a state sentence must be "undischarged" is wholly irrelevant.

True, some of the language in our case law suggests that § 924(e)'s reference to a general term of imprisonment might afford a district court unique flexibility—when compared to the specific minimum sentence prescribed by § 841(b)(1)(A)—in crafting a sentence. *See United States v. Ross*, 219 F.3d 592, 595 (7th Cir. 2000) (noting that § 924(e) "does not specify any particular way in which that imprisonment should be achieved"). But we later clarified in *Hernandez* that the linguistic differences between § 924(e) and § 841(b)(1)(A) were irrelevant in determining the scope of the district court's statutory authority. 620 F.3d at 824. Indeed, in *Cruz* we explained that "[t]he result in *Ross* was tied to the undischarged character of the state sentence" and confirmed that "a discharged sentence may not be used to reduce a statutory minimum sentence." *Cruz*, 595 F.3d at 746.

The government also observes persuasively that any unfairness that Bell identifies in the application of § 3584(a) and § 5G1.3(b) to his case is mitigated because the discharged state

sentence was imposed after revocation. To be sure, Bell's supervision was revoked, in part, because of his possession of firearms in this case. But the reimprisonment term is tied to and remains part of the punishment imposed for the 2017 Wisconsin offenses. *See State v. Brown*, 725 N.W.2d 262, 270 (Wis. 2006) (noting that original sentence sets maximum period of reconfinement and court cannot impose term exceeding time remaining on original bifurcated sentence); *see also United States v. Dawson*, 980 F.3d 1156, 1162 (7th Cir. 2020) (recognizing in federal context that purpose of revocation sentence "is not to punish a defendant's violation as if it were a new federal crime, but rather to sanction the defendant's breach of the court's trust"). And the conduct leading to Bell's 2017 convictions is not relevant conduct for his possession of firearms in this case. Where a defendant is serving federal or state probation, parole, or supervised release at the time of the instant offense and it is revoked, the Guidelines recommend that the sentence for the instant offense be imposed consecutively to the revocation sentence. *See* U.S.S.G. § 5G1.3(d) & cmt. n.4(C).

AFFIRMED.